THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY
WOLLENBERG, Defendant-Appellant.
(No. 56823;

First District—January 29, 1973.

Edward T. Joyce, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. JUSTICE EGAN delivered the opinion of the court:

The defendant was convicted by a jury on two indictments, numbers 63-638 and 63-639, each indictment containing three counts, attempted robbery, attempted murder and aggravated battery. The trial judge held that the charge of aggravated battery merged into the charge of attempted murder and sentenced the defendant to ten to fourteen years and ten to twenty years on the attempted robbery and attempted murder respectively in indictment 63-638 and twelve to fourteen and eighteen to twenty years respectively on the attempted robbery and attempted murder in indictment 63-639. The sentences imposed were to run concurrently within indictments and consecutively as between indictments. Both convictions were affirmed by the Supreme Court in *People v. Wollenberg*, 37 Ill.2d 480, 229 N.E.2d 490.

The defendant then filed a *pro se* petition under the post-conviction act.

The petition contained the following allegations: (1.) he was denied a speedy trial; (2.) his conviction rested on evidence obtained as a result of an illegal search and seizure; (3.) the court failed to instruct the jury properly concerning a statement allegedly made by defendant; (4.) the prosecutor commented to the jury unfairly about defendant's failure to respond to questions asked him by the police; (5.) the court imposed an illegal sentence. Pursuant to defendant's request, Alexander P. White was appointed his counsel. On May 2, 1968, after a hearing on the State's motion to dismiss, Judge Joseph A. Power granted the State's motion and dismissed the defendant's petition.

On January 27, 1969, the Illinois Supreme Court "Reversed and remanded to the circuit court of Cook County (Criminal Division) the cause for further post-conviction proceedings in accordance with *People v. Daniel Slaughter*, 39 Ill.2d 278." Mr. M. Cherif Bassiouni, who had represented defendant on the appeal of the dismissal order, was appointed to represent him in the circuit court. A hearing was conducted before Judge Walter P. Dahl on January 14, 1970. The State elected to stand on its original motion to dismiss and counsel for defendant elected to stand on the defendant's original *pro se* petition. The Judge corrected the sentences to ten to fourteen years on each of the attempted robberies to run concurrently with each other and consecutive to the two concurrent sentences for attempted murder which he fixed at eighteen to twenty years in the penitentiary. He then dismissed the defendant's petition.

Defendant contends that he is entitled to another post-conviction hearing because the record does not show that his court-appointed counsel consulted with him concerning the nature of his claim or examined the record of the proceedings in the trial court. In addition he contends that

he was inadequately represented at the post-conviction hearing because the petition was submitted to the court without amendment or explanation. .

After this case was docketed in the Appellate Court, we granted leave of Mr. Bassiouni to file a certificate under Supreme Court Rule 651(c). (See *People v. Harris*, 50 Ill.2d 31, 276 N.E.2d 327.) That certificate states the following: He represented defendant on the first appeal and was appointed to represent him on the hearing before Judge Dahl pursuant to the request of the defendant, who stated that Mr. Bassiouni was familiar with his case. He consulted with defendant by mail to ascertain his contentions of deprivation of constitutional rights. Between September, 1969, and August, 1970, he wrote to defendant six times and received seven letters from him. He read portions of the record of the original trial and the entire record of the first dismissal of the petition. He filed the brief and excerpts of the record in the appeal to the Supreme Court. It was unnecessary to amend the *pro se* petition since the brief he had filed in the appeal was before the court at the time of the hearing. The brief before the court covered the legal arguments and contentions of the petitioner. He presented to the court arguments and authority in support of those contentions rendering amendment of the petition unnecessary.

■■ Throughout the brief of the defendant runs the suggestion that Mr. Bassiouni never consulted or "contacted" the defendant. The certificate of Mr. Bassiouni clearly refutes that suggestion. The petition alleges grounds many of which, including the allegation that he had been improperly sentenced, it may be fairly argued, would be subject to dismissal under the theory of *res judicata* because they were, or could have been, determined by the direct appeal. Mr. Bassiouni, in addition to the submission of a brief, orally argued that the sentences were improper.

■■ The defendant argues that "with respect to defendant's claim that the prosecution misrepresented certain facts to the trial court in order to get a continuance beyond the 'Fourth [sic] Term', it would appear that prudent counsel would have filed affidavits in support of this contention." This argument, of course, must be based on the supposition that such affidavits are available. It is a fair inference from this record showing correspondence between defendant and Mr. Bassiouni that defendant could not provide any. The defendant also argues that the representation of Mr. Bassiouni was inadequate because he did not amend the petition. The question then arises: Amend it to say what? As with the affidavits, no answer is provided by the defendant. Mr. Bassiouni was appointed as a lawyer, not as a conjurer, and we hold that his representation more

than met the requirements of *People v. Slaughter*, 39 Ill.2d 278, 235 N.E.2d 566. We further hold that the certificate provided by Mr. Bassiouni is in substantial compliance with Rule 651(c).

The judgment of the circuit court is affirmed.

Judgment affirmed.

BURKE, P. J., and GOLDBERG, J., concur.