THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DALLAS RICHMOND, Defendant-Appellant.

Fourth District  No. 4—86—0860

Opinion filed January 15, 1988.

Daniel M. Kirwan and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

After a jury trial in the circuit court of Champaign County, defendant Dallas Richmond was convicted on October 8, 1982, of the offenses of home invasion (Ill. Rev. Stat. 1981, ch. 38, par. 12—11), deviate sexual assault (Ill. Rev. Stat. 1981, ch. 38, par. 11—3), and attempt (rape) (Ill. Rev. Stat. 1981, ch. 38, par. 8—4). He was later sentenced to consecutive terms of imprisonment totalling 120 years. On direct appeal, this court affirmed the convictions and sentences. (*People v. Richmond* (1983), 115 Ill. App. 3d 1159 (order under Supreme Court Rule 23).) On May 22, 1984, defendant filed a *pro se* petition for post-conviction relief. (107 Ill. 2d R. 651.) After the appointment of counsel for defendant and the filing of an amended petition, the court held an evidentiary hearing and, on December 8, 1986, dismissed the petition. Defendant has appealed. We affirm.

Defendant maintains appointed counsel in the post-conviction proceedings in the trial court was incompetent. The major thrust of this contention is defendant's theory that the counsel should have alleged in the amended post-conviction petition that defendant, a black, was denied his sixth amendment rights at the jury trial because the prosecution systematically excluded black jurors by the use of peremptory challenges. Defendant also maintains counsel was incompetent during the post-conviction proceedings because he did not file a certificate as required by Supreme Court Rule 651(c) (107 Ill. 2d R. 651(c)). Rule 651(c) sets forth the efforts to be taken to protect the indigent defendant. (See *People v. Bennett* (1980), 82 Ill. App. 3d 596, 403 N.E.2d 50.) The problem resulting from the failure to make that filing has been solved by the subsequent filing by that counsel of the required certificate in proper form, and the record before us has been supplemented to show the certificate. *People v. Harris* (1971), 50 Ill. 2d 31, 276 N.E.2d 327.

The record before us shows defendant is black, and, during the selection of the jury, the State exercised five of the seven peremptory challenges it used to remove potential black jurors. After three black members of the array had been peremptorily excluded, defense counsel objected and requested the State to justify the exclusion, but the court denied the request, stating that the issue was not yet ripe. On appeal, this court rejected the defense argument that defendant had been deprived of a constitutional right by the method of jury selection. We cited *People v. Davis* (1983), 95 Ill. 2d 1, 447 N.E.2d 353, *cert. denied* (1983), 464 U.S. 1001, 78 L. Ed. 2d 697, 104 S. Ct. 507, which, in turn, relied upon *Swain v. Alabama* (1965), 380 U.S. 202,

13 L. Ed. 2d 759, 85 S. Ct. 824. *Swain* held that *only* a systematic and purposeful exclusion of blacks from juries in a particular court in case after case would indicate a constitutional deprivation.

After our affirmance on direct appeal, the United States Supreme Court decided *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712, on April 30, 1986. That decision lessened the heavy burden the *Swain* court had placed upon a minority defendant to show a violation of his constitutional rights arising from exclusion of members of his minority group from selection on the jury hearing the defendant's case. Under *Batson*, such a defendant could now make out a *prima facie* case of purposeful discrimination based solely on evidence from his trial alone by showing: (1) he was a member of a cognizable racial group whose members had been peremptorily challenged; and (2) other relevant circumstances raised an inference that peremptory challenges were used to exclude veniremen because of their race.

On June 30, 1986, the United States Supreme Court decided *Allen v. Hardy* (1986), 478 U.S. 255, 92 L. Ed. 2d 199, 106 S. Ct. 2878. There, as here, a black person had been convicted of a felony in a circuit court of this State, and that conviction had been affirmed on direct appeal by a district of the appellate court prior to the decision in *Batson*. Then, unlike here, a collateral attack was made against the conviction by a petition for writ of *habeas corpus* filed in a Federal district court prior to the *Batson* decision raising, for the first time, the claim that the defendant's constitutional right had been violated by a systematic exclusion of jurors. The district court dismissed that petition, and that order was ultimately upheld by the United States Supreme Court. The latter court stated: "We conclude that our decision in *Batson* should not be applied retroactively on collateral review of convictions that became final before our opinion was announced." (*Allen*, 478 U.S. at 257-58, 92 L. Ed. 2d at 204, 106 S. Ct. at 2880.) We deem highly significant the facts that at the time counsel appointed to represent defendant on his post-conviction petition filed an amended petition in the circuit court on October 21, 1986, defendant's direct appeal rights had been long exhausted, and *Allen* had been decided nearly four months earlier.

Defendant distinguishes this case from *Allen* on the basis that (1) here, defendant made an objection to the exclusion of the black jurors at the time of the trial, and (2) the refusal of the United States Supreme Court to permit a retroactive application of *Batson* on a collateral attack upon a conviction does not prevent a State court from doing so. Defendant contends the showing made at the time of trial

satisfied the requirements of *Batson* to establish a *prima facie* case of a systematic exclusion of blacks. Defendant also points to *People v. Ikerd* (1970), 47 Ill. 2d 211, 265 N.E.2d 120, *People v. Strader* (1967), 38 Ill. 2d 93, 230 N.E.2d 569, and *People v. Cowherd* (1983), 114 Ill. App. 3d 894, 449 N.E.2d 589, where fundamental fairness has been stated or held to require reconsideration on post-conviction proceedings of issues which would otherwise have been deemed barred on *res judicata* principles after final determinations on direct appeal.

The cases of *Ikerd* and *Strader* concerned, respectively, the raising on post-conviction petitions after convictions had been affirmed on direct appeal of the admissibility of (1) the confession of a codefendant implicating the accused, and (2) the confession of the accused without an opportunity for the accused to test its voluntariness. In both cases, decisions of the United States Supreme Court, made after decisions on direct appeal in the two cases, had held that the procedures questioned were violative of the constitutional rights of accuseds on trial. (*Bruton v. United States* (1968), 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620; *Jackson v. Denno* (1964), 378 U.S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774.) In both cases, the United States Supreme Court had held its respective decisions to have retroactive effect. *Roberts v. Russell* (1968), 392 U.S. 293, 20 L. Ed. 2d 1100, 88 S. Ct. 1921; *Linkletter v. Walker* (1965), 381 U.S. 618, 14 L. Ed. 2d 601, 85 S. Ct. 1731.

In *Cowherd* an alleged violation of Supreme Court Rule 402(f) (87 Ill. 2d R. 402(f)) had occurred at trial when evidence concerning plea negotiations was admitted against the defendant. On direct appeal, the court held that the testimony admitted did not come within the coverage of the exclusionary provision of the rule. Later, the supreme court held such testimony did come within the provision of the rule. (*People v. Hill* (1980), 78 Ill. 2d 465, 401 N.E.2d 517.) The Second District then held that fundamental fairness required that the issue be reconsidered when raised in a post-conviction petition.

In *Allen*, the Court deemed the factors to consider in determining whether a criminal procedural rule of constitutional dimension was to have retroactive effect involved a weighing of (1) the purpose of the new standard, (2) the reliance placed on the prior standard by law enforcement authorities, and (3) the effect which retroactive application would have on the administration of justice. (*Allen*, 478 U.S. at 258, 92 L. Ed. 2d at 204, 106 S. Ct. at 2880.) The Court noted that where, as there, the decision had expressly overruled precedent, retroactive application would seldom be given, but, where the new rule bore strongly upon the accuracy of a trial, retroactive effect might well be

appropriate. The Court stated the systematic exclusion of jurors of the same minority as a defendant had some bearing on the accuracy of the trial but also served the important functions of strengthening public confidence in the administration of justice and protecting the rights of citizens to serve on juries. The opinion discussed the difficulties that would result in holding hearings concerning matters occurring several years earlier. Finally, the Court concluded that many procedures were in operation prior to *Batson* to protect a defendant from a biased jury.

As we have indicated, *Allen* does not require State courts to follow its holding denying collateral attack on convictions where direct appeal avenues have expired before *Batson*. We also appreciate the contention of the defendant that limiting retroactive application to cases where, as here, the issue of systematic exclusion was as well-preserved at trial as here might lessen the burden placed on courts and law enforcement agencies from what the burden would otherwise be. However, in *People v. Davis* (1987), 119 Ill. 2d 61, the Illinois Supreme Court recently followed *Allen* in refusing to apply *Batson* where, as here, rights of direct review had expired when *Batson* was decided. The Fifth District has held a trial counsel was not ineffective at a trial held prior to *Batson* in failing to raise the issue of a systematic exclusion of minority jurors. (*People v. Dixon* (1987), 160 Ill. App. 3d 65, 513 N.E.2d 134.) As the standard of *Swain v. Alabama* (1965), 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824, was the standard by which defendant's rights at trial were to be judged, appointed counsel at the post-conviction proceeding was clearly not ineffective for not raising the systematic exclusion of black jurors issue in the amended post-conviction petition. *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.

We affirm for the reasons stated.

Affirmed.

KNECHT and SPITZ, JJ., concur.