THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LONNIE JOHNSON, Defendant-Appellant.

Fifth District   No. 5—91—0118

Opinion filed August 13, 1992.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert Haida, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Rebecca Sanders, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HENRY LEWIS delivered the opinion of the court:

Defendant, Lonnie Johnson, was indicted in St. Clair County for the attempted murder of Michael Hodges, armed violence and aggravated battery. After a bench trial, the defendant was convicted of all charges. The circuit court imposed 13-year concurrent sentences of imprisonment on all three convictions.

On appeal, this court affirmed the defendant's conviction for attempted murder but vacated the convictions for armed violence and aggravated battery. (*People v. Johnson* (1990), 198 Ill. App. 3d 1112, 584 N.E.2d 1083 (unpublished order pursuant to Supreme Court Rule 23 (134 Ill. 2d R. 23)).) On March 29, 1989, the defendant filed a *pro*

*se* post-conviction petition. On March 1, 1990, the defendant filed another *pro se* post-conviction petition. Thereafter, the circuit court ordered that P.K. Johnson, Jr., be appointed to represent the defendant. Defendant's counsel then filed an amended petition for post-conviction relief. On November 27, 1990, the State moved to dismiss the petition and all amendments thereto. On that same date, defense counsel filed a Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)) certificate of compliance. At the defendant's evidentiary hearing, the circuit court determined that it would proceed on the amended petition. After the evidentiary hearing, the petition was denied, and direct appeal to this court followed.

The relevant facts can be succinctly stated. Michael Hodges was driven by Dwayne Williams (and possibly another unidentified person) to a trailer which was occupied by several individuals, in order to purchase cocaine. While there, Hodges became engaged in an argument with the occupants and shots were fired at Hodges. One of the shooters was the defendant. Hodges was shot in the back, and a bullet lodged in Hodges' spine, causing paralysis. Another bullet passed through Hodges' foot.

The defendant contends that his post-conviction counsel did not adequately present his contentions of error as required by Supreme Court Rule 651(c). He asserts that post-conviction counsel erred because he did not append to the defendant's post-conviction petition an affidavit from Williams or the other unidentified person whom trial counsel could not locate, in order to show that trial counsel was ineffective for not interviewing or subpoenaing Williams (or the other unidentified person). In the defendant's post-conviction hearing, he speculated that Williams' testimony may have conflicted with the victim's testimony that he had no gun, did not turn around and did not make any move toward the defendant. Although the defendant couches his claim in terms of an issue of strict compliance with Supreme Court Rule 651(c), apparently the defendant is alleging that post-conviction counsel was incompetent for his failure to attach an affidavit(s) from the witness(es) whom trial counsel was not able to locate.

In a post-conviction proceeding, the burden of proof is on the petitioner to establish a substantial deprivation of rights under the United States Constitution or the Constitution of Illinois before he is entitled to any relief. (*People v. Del Vecchio* (1989), 129 Ill. 2d 265, 274, 544 N.E.2d 312, 316.) The petitioner is not entitled to an evidentiary hearing on a post-conviction petition unless the allegations contained therein are supported by the trial record and accompanying affidavits and the defendant makes a substantial showing that his rights

have been violated. *People v. Spreitzer* (1991), 143 Ill. 2d 210, 218, 572 N.E.2d 931, 934.

In the instant case, the defendant received an evidentiary hearing. At that hearing, the circuit court determined that trial counsel was not ineffective for the following reasons:

> "(a) This issue was addressed in the post-trial motion and may be considered subject to the State's motion to dismiss.
>
> (b) Further, a review of the trial transcript reveals that the defendant has not demonstrated that his trial counsel's performance fell below an objective standard of reasonableness or that there was a reasonable probability that, but for counsel's purported errors or omissions, the result would have been different."

In fact, a review of the record demonstrates that trial counsel asked his client where he might be able to locate Williams; however, the defendant "had no idea." Further, trial counsel testified that he had looked in the East St. Louis, Washington Park and Centreville telephone books for Williams because he had no address or telephone number for him. Additionally, there was no indication in the police reports that Williams even had an address. Thus, trial counsel had no place from which to subpoena Williams.

■ In *People v. Albanese* (1984), 104 Ill. 2d 504, 527, 473 N.E.2d 1246, 1256, the Illinois Supreme Court determined that if a reviewing court may dispose of the defendant's claim of ineffective assistance on the ground that the defendant failed to demonstrate sufficient prejudice, it may do so without determining whether counsel's performance was sufficient. Because the defendant in the instant case has failed to show that he suffered prejudice through post-conviction counsel's failure to append affidavits to the defendant's petition, the defendant's claim fails.

■ Supreme Court Rule 651(c) sets forth the responsibilities of appointed counsel representing an indigent inmate under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*). According to Supreme Court Rule 651(c):

> "The record filed in [the trial] court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c).

■ Here, the record shows that defendant's counsel complied with Supreme Court Rule 651(c). On November 27, 1990, petitioner's post-conviction counsel filed a certificate averring that he had personally consulted with the defendant on October 30, 1990, to ascertain his contentions of deprivation of his constitutional rights. The certificate of compliance also stated that post-conviction counsel had examined the entire record of proceedings at trial and that he had made all of the necessary amendments to the petition filed *pro se* that were necessary for an adequate presentation of the defendant's contentions. The presumption is that post-conviction counsel did what he attested in the certificate, and that presumption remains. Further, it is clear from the defendant's evidentiary hearing that trial counsel attempted to locate the missing witness and was not successful. Thus, the record shows that petitioner's counsel complied, insofar as compliance was possible, with Rule 651(c). (See *People v. Owens* (1990), 139 Ill. 2d 351, 367, 564 N.E.2d 1184, 1191.) The record demonstrates that counsel consulted with petitioner and filed an amended post-conviction petition which raised numerous allegations of trial error. It would have been impossible for counsel to raise many of these errors without having examined the record of proceedings at trial. (*Owens*, 139 Ill. 2d at 368, 564 N.E.2d at 1191.) A mere failure to amend the *pro se* petition is not enough to establish inadequacy of representation in the absence of a showing that the petition could have been successfully amended. *People v. Burns* (1972), 4 Ill. App. 3d 893, 895, 282 N.E.2d 185, 186; *People v. Wollenberg* (1973), 9 Ill. App. 3d 1028, 1030, 293 N.E.2d 728, 730.

Trial counsel, in the case at bar, could not find the missing witness. The defendant asserts that post-conviction counsel knew that in order for the defendant's petition to succeed, he had to attach an affidavit or present Williams' testimony. In the absence of any evidence, or even any assertion, that Williams was available, this court refuses to engage in speculation about whether post-conviction counsel did not subpoena Williams because he did not know and could not ascertain his whereabouts after reasonable efforts, or that post-conviction counsel did not try to interview or contact Williams or ascertain what his testimony would have been. Further, a reviewing court cannot presume the existence of error which is not affirmatively shown of record. *People v. Boshears* (1992), 228 Ill. App. 3d 677, 681, 592 N.E.2d 1187, 1190-91.

The record, in fact, indicates that trial counsel testified that neither the defendant, the victim, nor the police knew where to locate Williams. Further, the record indicates that trial counsel attempted to

locate the witness. The defendant speculates that Williams' testimony may have conflicted with the victim's testimony that he had no gun, did not turn around and did not make any move toward the defendant; however, the defendant offered no evidence that Williams could be found or that Williams was available to testify. Hence, these are insufficient allegations to show that defendant's post-conviction counsel was incompetent because he did not comply with Rule 651(c).

As such, we conclude that defendant's counsel substantially complied with Rule 651(c) and, thus, was not incompetent for failing to append a missing witness' affidavit.

Affirmed.

GOLDENHERSH, P.J., and HARRISON, J., concur.