No. 2--03--0548

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Kane County.

)

Plaintiff-Appellee, )

) 

v. ) No. 94--CF--1492

)

ANDREW A. WALDROP, ) Honorable

) James T. Doyle,

Defendant-Appellant. ) Judge, Presiding.

______________________________________________________________________________

JUSTICE BYRNE delivered the opinion of the court:

Following a jury trial, defendant, Andrew A. Waldrop, was convicted of first-degree murder (720 ILCS 5/9--1(a)(2) (West 1994)) 
and sentenced to 60 years' imprisonment.  On direct appeal, we affirmed his conviction and sentence.  
People v. Waldrop
, No. 2--97--1119 (1999) (unpublished order under Supreme Court Rule 23).  He appeals the dismissal of his postconviction petition, arguing that his postconviction counsel did not comply with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)).  We reverse and remand the cause.

Following his unsuccessful appeal, defendant filed a postconviction petition alleging ineffective assistance of counsel, abuse of judicial authority, and prosecutorial misconduct.  Defendant later filed two amended postconviction petitions, in which he additionally alleged that he was unlawfully convicted under an accountability theory and that his sentence was an abuse of discretion.  The trial court appointed conflict counsel to represent him.

Counsel requested the records of the earlier proceedings, and the court ordered the circuit court clerk to provide counsel with the records.  Counsel subsequently filed an amended postconviction petition and a certificate pursuant to Rule 651(c).  

The State moved to dismiss the amended petition (see 725 ILCS 5/122--5 (West 2002)).  The State 
argued that defendant's claims were without merit and were barred under 
res judicata
 and waiver.  Counsel then filed another amended petition, which included additional case law.  After arguments, the trial court dismissed the amended petition, defendant filed a notice of appeal, and the court appointed the Office of the State Appellate Defender as counsel. 

Defendant now argues that the certificate filed by his postconviction counsel did not comply with Rule 651(c).  The attorney certified that he read all the records of proceedings; that he read the entire common-law record; that, in the amended petition, he raised issues that had not previously been asserted; that he interviewed defendant's trial counsel; and that he attached the necessary affidavits.  The rule, however, requires that the record show that the attorney "has 
consulted with petitioner either by mail or in person to ascertain his [or her] contentions of deprivation of constitutional rights."  134 Ill. 2d R. 651(c).  Accordingly, defendant argues that the attorney did not comply with Rule 651(c) and that the dismissal of his postconviction petition should be reversed.  

To ensure that the complaints of a prisoner are adequately presented, the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122--1 
et seq.
 (West 2002)) contemplates that the attorney appointed to represent an indigent petitioner will ascertain the basis of the petitioner's complaints, shape those complaints into the appropriate legal form, and present the petitioner's constitutional contentions to the court.  
People v. Richmond
, 188 Ill. 2d 376, 381 (1999).  Consequently, Rule 651(c), which governs appeals from postconviction proceedings, provides in relevant part:

"The record filed in [the appellate] court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed 
pro se
 that are necessary for an adequate presentation of petitioner's contentions."  134 Ill. 2d R. 651(c).

Along with its appellate brief, the State moved to supplement the record with an additional certificate prepared by postconviction counsel.  In the supplemental certificate, postconviction counsel stated in part:  "[I]n the course of representing defendant, ANDREW WALDROP, in the presentation of his post conviction proceedings ***, I consulted with the defendant by mail, to ascertain his contentions of a deprivation of constitutional right."  Defendant objects to the State's motion to supplement the record, and we ordered the motion taken with the case.

Under Supreme Court Rule 329 (134 Ill. 2d R. 329), this court may permit an amendment to the record on appeal where there are material omissions or inaccuracies or if the record is otherwise insufficient to present fully and fairly the questions involved.  
People v. Miller
, 190 Ill. App. 3d 981, 988 (1989).  However, the amendment should not be allowed if the amendment is used to impeach or contradict the contents of the record.  
Miller
, 190 Ill. App. 3d at 989.  The interpretation of a supreme court rule is a question of law.  
Benson v. Abbott
, 326 Ill. App. 3d 599, 600 (2001).

Beginning in 
People v. Harris
, 50 Ill. 2d 31, 34 (1971), reviewing courts have permitted the State to supplement the record on appeal with a Rule 651(c) certificate.  In 
Harris
, the supreme court held that, where the record did not contain a Rule 651(c) certificate and where the judgment otherwise should be affirmed, the State should be granted leave to file the appropriate certificate.  
Harris
, 50 Ill. 2d at 34.  Numerous cases since 
Harris
 have permitted the State to supplement the record with a Rule 651(c) certificate during the appeal.  
E.g.
, 
People v. Yarbrough
, 210 Ill. App. 3d 710, 714 (1991); 
People v. Richmond
, 165 Ill. App. 3d 75, 76 (1988); 
People v. Allen
, 151 Ill. App. 3d 391, 394 (1986).  Nonetheless, this court has denied the State's motion to supplement the record if the Rule 651(c) certificate that the State sought to file was deemed inadequate.  See 
People v. Alexander
, 197 Ill. App. 3d 571, 572 (1990); 
People v. Gonzales
, 15 Ill. App. 3d 265, 267 (1973) (certificate deemed inadequate where postconviction counsel confessed therein that he did not read  all of the records of the proceedings).

Acknowledging the procedure outlined in 
Harris
, defendant argues that the facts in the present case are distinguishable from those in 
Harris
.  He contends that, in 
Harris
 and its progeny, the State was allowed to supplement the record where no Rule 651(c) certificate was ever filed.  However, in this case, because a certificate was filed with the trial court, defendant asserts that the State's attempt to supplement the record with an additional certificate effectively contradicts the one previously filed.  Defendant concludes that, under Rule 329, the State's motion to supplement should be denied as the additional certificate contradicts the established record.

We disagree with defendant's claim that postconviction counsel's supplemental Rule 651(c) certificate contradicts the first certificate.  On the contrary, we conclude that the supplemental certificate remedies a material omission from the existing record--the fact that postconviction counsel consulted with defendant about his claims that he was deprived of his constitutional rights.  The remaining statements in postconviction counsel's certificate are the same as those in the first certificate.  Accordingly, under Rule 329, the State may amend the appellate record 
to correct the material omission. 

Furthermore, we note that, in 
People v. Wollenberg
, 9 Ill. App. 3d 1028, 1030 (1973), the appellate court allowed the State to amend the record with a Rule 651(c) certificate where that certificate contradicted the defendant's argument that his postconviction counsel was ineffective.  In 
Wollenberg
, 
the defendant argued that the dismissal of his postconviction petition should be vacated because his postconviction counsel never consulted or contacted him.  
Wollenberg
, 9 Ill. App. 3d at 1029-30. 
 This court permitted postconviction counsel to file a Rule 651(c) certificate during the appeal.  
Wollenberg
, 9 Ill. App. 3d at 1030
.  Concluding that postconviction counsel substantially complied with Rule 651(c), the appellate court observed that, in the certificate, postconviction counsel clearly refuted the defendant's suggestion that his postconviction counsel never consulted with him.  
Wollenberg
, 9 Ill. App. 3d at 1030-31
. 

As a result, we grant the State's motion to supplement the appellate record with the amended  Rule 651(c) certificate.  The filing of such certificates during appeals is in accordance with the procedure suggested by the supreme court in 
Harris
.  Moreover, such certificates facilitate judicial economy for reviewing courts in disposing of their cases.  
People v. Rexroat
, 52 Ill. App. 3d 364, 367 (1977). 

Turning to the merits, the State argues that, considering the supplemental certificate, postconviction counsel complied with Rule 651(c)
.  To the contrary, 
defendant argues that postconviction counsel did not adequately represent him under Rule 651(c) because counsel did not amend the 
pro se
 postconviction petition in the manner necessary to adequately present defendant's claims.  
More specifically, in his 
pro se
 petition, defendant alleged that his trial counsel was ineffective in failing to contact an eyewitness who may have had exculpatory information and to present mitigating evidence about defendant's mental health at the sentencing hearing.  Postconviction counsel included these arguments in the amended petitions but did not attach affidavits or other supporting evidence.  Consequently, defendant claims that postconviction counsel did nothing to shape his claims of constitutional deprivation into the appropriate legal form as required by Rule 651(c).  We review 
de novo
 the dismissal of a postconviction petition without an evidentiary hearing.  
People v. Williams
, 186 Ill. 2d 55, 59-60 (1999).

A defendant has no constitutional right to the assistance of counsel in a postconviction proceeding.  
Williams
, 186 Ill. 2d at 60
.  Because the right to counsel in postconviction proceedings is wholly statutory, postconviction petitioners are entitled only to the level of assistance provided by the Act.  
Williams
, 186 Ill. 2d at 60
. 
 Under Rule 651(c), postconviction counsel must provide a " 'reasonable level of assistance' " to a petitioner in the postconviction proceeding.  (Emphasis omitted.)  
Williams
, 186 Ill. 2d at 60
, quoting 
People v. Owens
, 139 Ill. 2d 351, 364 (1990). 

Defendant argues that he did not receive a reasonable level of assistance from postconviction counsel because counsel misunderstood the law concerning when affidavits are necessary to support a postconviction claim.  In the State's motion to dismiss, it contended that defendant's allegations of ineffective assistance of trial counsel should be dismissed because defendant did not attach affidavits or other evidentiary support to the postconviction petition.  Responding to the State's argument at the hearing, postconviction counsel disagreed that affidavits were necessary.  Counsel stated:

"It's not mandatory that there be an affidavit unless you are basically alleging an alibi defense that somebody did not call, and this is what these witnesses would say and those witnesses sign off on it.

When my client filed the postconviction petition, he filed it as being truthful."

Later in the hearing, counsel again asserted that affidavits are essential to a postconviction petition only if the petition alleges that trial counsel failed to present an alibi witness.  Counsel was incorrect.

Under the Act, the defendant bears the burden of establishing that a substantial deprivation of his constitutional rights occurred at his original trial.  
People v. Johnson
, 154 Ill. 2d 227, 239 (1993).  An evidentiary hearing will be held only where the allegations of the postconviction petition make a substantial showing that the defendant's constitutional rights have been violated and the petition is supported by affidavits, records, or other evidence or explains why these items are not attached.  
People v. Treadway
, 245 Ill. App. 3d 1023, 1025 (1993). 
 The affidavits that accompany a postconviction petition must identify with reasonable certainty the sources, character, and availability of alleged evidence supporting the petitioner's allegations.  
Treadway
, 245 Ill. App. 3d at 1025.  A postconviction petition that is not supported by affidavits or other supporting documents is generally dismissed without an evidentiary hearing unless the petitioner's allegations stand uncontradicted and are clearly supported by the record.  
Treadway
, 245 Ill. App. 3d at 1025.  Thus, contrary to postconviction counsel's belief, the requirement that an affidavit or other supporting document be attached to a postconviction petition 
does not depend on the issue that the claim of constitutional deprivation raises; on the contrary, all claims may be dismissed without an evidentiary hearing unless they are sufficiently supported.  

In 
Johnson
, the supreme court held that postconviction counsel failed to provide a reasonable level of assistance where the record indicated that counsel did not attempt to contact witnesses specifically identified by name in the postconviction petition as offering support for a constitutional claim made in the petition.  The 
Johnson
 court determined that, because postconviction counsel did not take any action to obtain the affidavits of potential witnesses whose identities were known to him, counsel failed to satisfy the requirement in Rule 651(c) 
that counsel make any amendments to the 
pro se
 postconviction petition that are necessary to adequately present the petitioner's contentions.  
Johnson
, 154 Ill. 2d at 243.

Here, in defendant's 
pro se
 postconviction petition, he stated that his trial counsel was ineffective for failing to contact an eyewitness, Jose Vasquez, who informed the police that he did not want to get involved or talk to them.  For support, defendant attached a report from the Aurora police department, indicating that an officer spoke to Vasquez and Vasquez affirmed that he saw the crime but did not want to get involved or talk to the police.  This contention was realleged almost verbatim in the amended postconviction petition drafted by postconviction counsel, but it was not supported by an affidavit explaining the significance of Vasquez's testimony or why such supporting documentation was absent.  During arguments on the State's motion to dismiss, postconviction counsel argued that he did not think any evidentiary support was necessary to support defendant's claim.  Counsel contended that defendant's verification alone was sufficient evidentiary support to make a substantial showing that defendant's constitutional rights were violated.  Again, that contention was wrong.   

"In the ordinary case, a trial court ruling upon a motion to dismiss a post-conviction petition which is not supported by affidavits or other documents may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims, but was unable to do so."  
Johnson
, 154 Ill. 2d at 241.  However, in this case, that presumption is flatly contradicted by the record.  Postconviction counsel mistakenly believed that he did not have a duty to seek an affidavit from the witness specifically identified in defendant's 
pro se
 petition.  Therefore, we must conclude that postconviction counsel's representation fell below a reasonable level of assistance and that counsel did not adequately comply with Rule 651(c).  

Under Rule 651(c), postconviction counsel had an obligation to present defendant's postconviction claims to the court in the appropriate legal form.  At a minimum, counsel was obligated to attempt to obtain evidentiary support for claims raised in the 
pro se
 petition.  Without affidavits or other supporting evidence, the trial court had no choice but to dismiss the petition without an evidentiary hearing.  We conclude that this cause should be remanded to the trial court so that postconviction counsel may comply with Rule 651(c).

For the above reasons, 
the judgment of the circuit court of Kane County is reversed, and the cause is remanded for further proceedings.  

Reversed and remanded.

KAPALA and GILLERAN JOHNSON, JJ., concur.