NOTICE
Decision filed 09/25/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 210103-U

NO. 5-21-0103

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 02-CF-310 |
| | ) | |
| CHARLES E. WHITE JR., | ) | Honorable |
| | ) | John J. O'Gara, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BOIE delivered the judgment of the court.
Justices Barberis and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: We reverse the judgment of the trial court dismissing the defendant's amended postconviction petition where postconviction counsel rendered unreasonable assistance of counsel in amending the defendant's postconviction petition.

¶ 2    The defendant, Charles E. White Jr., was convicted by a jury of two counts of armed violence and two counts of aggravated battery with a firearm. The defendant was sentenced only on the armed violence convictions to two consecutive 26-year terms of incarceration in the Illinois Department of Corrections. This court affirmed the conviction on direct appeal in *People v. White*, 357 Ill. App. 3d 1107 (2005) (table) (unpublished order under Supreme Court Rule 23). On June 6, 2006, the defendant filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2004)). On August 28, 2006, the trial court advanced the defendant's *pro se* petition to the second stage and postconviction counsel was appointed to

1

represent the defendant. The defendant's original postconviction counsel continued the case for years, until he was granted leave to withdraw. The trial court appointed a second attorney to act as postconviction counsel on August 20, 2019. Postconviction counsel filed an amended postconviction petition (amended petition) and attachments, along with a certificate of compliance pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), on August 18, 2020.

¶ 3    The State filed a motion to dismiss on October 22, 2020, and defense counsel filed a response to the motion on November 6, 2020. On March 17, 2021, the trial court granted the State's motion and dismissed the defendant's amended petition at the second stage of postconviction proceedings.

¶ 4    The defendant appeals the judgment of the trial court dismissing his amended petition arguing that postconviction counsel rendered unreasonable assistance of counsel by filing a facially invalid certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), and by failing to shape the defendant's claims into the appropriate legal form. For the following reasons, we reverse the judgment of the trial court of St. Clair County dismissing the defendant's amended petition.

¶ 5                                I. BACKGROUND

¶ 6    On March 14, 2002, the defendant was charged in St. Clair County with two counts of aggravated battery with a firearm in violation of section 12-4.2(a)(1) of the Criminal Code of 1961 (Code) (720 ILCS 5/12-4.2(a)(1) (West 2002)) and two counts of armed violence in violation of section 33A-2(c) of the Code (*id.* § 33A-2(c)), in connection with the shootings of William Moore and Christopher Clark. A grand jury indicted the defendant on these charges on April 4, 2002. The defendant was arrested, and counsel entered his appearance in November 2002. A jury trial was held on November 3-5, 2003.

¶ 7    The jury returned guilty verdicts on all four counts. A presentence investigation was ordered, and the case was set for a January 8, 2004, sentencing hearing. On November 26, 2003, the defendant's private counsel filed a motion for a new trial. On January 6, 2004, the defendant filed a *pro se* motion to "withdraw" retained counsel, for the appointment of new counsel, and for a new trial. After hearing argument from both parties on the pending motions, the trial court denied the motion for the appointment of new counsel and the motion for a new trial. The sentencing hearing was held on March 4, 2004, and the defendant was sentenced to two consecutive terms of 26 years' incarceration within the Illinois Department of Corrections for the armed violence convictions. This court affirmed the conviction on direct appeal in *People v. White*, 357 Ill. App. 3d 1107 (2005) (table) (unpublished order pursuant to Illinois Supreme Court Rule 23). On June 6, 2006, the defendant filed a *pro se* postconviction petition raising multiple constitutional violations alleging that he was denied his right to the effective assistance of trial and appellate counsel. The petition specifically alleges that the State withheld impeachment evidence about Detective Wills and the State knew, or should have known, that its witnesses knowingly and intentionally testified falsely. The petition further alleged that the defendant's trial counsel was ineffective where counsel failed to (1) adequately investigate and prepare for trial; (2) obtain grand jury transcripts; (3) locate, interview, and secure an alibi witness; (4) conduct scientific testing on physical evidence; (5) impeach the testimony of Officer Fennoy; (6) impeach State witnesses; (7) properly advise the defendant as to any plea offers from the State; (8) prepare defense witnesses properly; (9) was unprofessional and ineffective in asking the defendant's family to assist in obtaining legal documents; and (10) failed to bring to the attention of the trial court that jury members were falling asleep during trial and closing arguments. Additionally, the defendant alleged that his appellate counsel was ineffective for not raising the constitutional deprivation claims on appeal. The petition

3

included several exhibits, including a criminal indictment for Detective Wills, police statements and reports, a paternity report for William Moore, a request for grand jury transcripts, notarized affidavits from the defendant's family and friends about the trial and circumstances surrounding it, and two unnotarized affidavits from the defendant and another witness.

¶ 8    Postconviction counsel was appointed on August 29, 2006, and began extensive discovery regarding the defendant's claims of constitutional deprivation, including investigation into misconduct of the State's police witnesses. The trial court appointed an investigator, and the investigation proceeded for several years. Ultimately, the defendant's amended postconviction petition was never filed by his first postconviction counsel, and the case was delayed for 14 years due to postconviction counsel's numerous requests for continuances, which were granted by the trial court.

¶ 9    The defendant's first postconviction counsel resigned from the case and a second postconviction counsel was appointed on August 20, 2019. Postconviction counsel filed an amended postconviction petition on August 18, 2020, which contained a certificate of compliance pursuant to Rule 651(c). Ill. S. Ct. R. 651(c) (eff. July 1, 2017). In the certificate, postconviction counsel provided that she (1) was appointed to represent the defendant in his petition for postconviction relief; (2) met with the defendant to discuss the petition, draft an amended petition, corresponded through the mail regarding changes to the amended petition for postconviction relief, and had phone conversations; (3) examined the court record, including the transcript; and (4) the certificate is in compliance with Rule 651(c).

¶ 10    The amended petition fully incorporated the defendant's *pro se* petition. The amended petition included additional information about Detective Wills's history, misconduct, and criminal history, as well as Officer Fennoy's history of misconduct and criminal history. It further alleged

4

that the photograph lineup utilized to identify the defendant was unduly suggestive and included a report explaining the issues of reliability with the identification of the defendant by both victims. The defendant alleged generally that he received inadequate assistance under the test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984), from both trial and appellate counsel. Further, the defendant alleged that the cumulative errors in the case rendered the trial fundamentally unfair and requested that the trial court vacate the conviction and grant a new trial. The amended petition included 20 attached exhibits. The exhibits included several transcripts, police statements, reports on officer misconduct and criminal activity, a report on the photographic lineup identification procedures, and the same notarized and unnotarized affidavits attached to the *pro se* petition. The amended petition did not include an affidavit from the defendant's purported alibi witness nor an explanation for why it was not included.

¶ 11    The State filed a motion to dismiss the amended petition for postconviction relief on October 22, 2020. The State addressed each of the defendant's arguments in turn and argued that the defendant was properly convicted by the jury based upon the evidence presented during trial. The defendant filed a response to the motion to dismiss on November 6, 2020.

¶ 12    The trial court heard arguments from both parties on the defendant's amended petition, the State's motion to dismiss, and the defendant's response to the motion to dismiss on November 12, 2020. The trial court entered an order dismissing the defendant's amended petition on March 17, 2021. This timely appeal followed.

¶ 13                                II. ANALYSIS

¶ 14    On appeal, the defendant argues the trial court's dismissal of his amended postconviction petition should be reversed and the matter remanded for further second-stage proceedings because postconviction counsel filed a facially invalid certificate of compliance pursuant to Illinois

5

Supreme Court Rule 651(c) (eff. July 1, 2017) and failed to shape the defendant's claims into the appropriate legal form. The State maintains postconviction counsel provided the defendant with reasonable assistance.

¶ 15    The Act provides a collateral means for a defendant to challenge a conviction or sentence for a violation of a federal or state constitutional right. *People v. Jones*, 211 Ill. 2d 140, 143 (2004). A postconviction proceeding is not an appeal from an underlying judgment, but rather a collateral attack on the judgment. *People v. Ortiz*, 235 Ill. 2d 319, 328 (2009). A postconviction proceeding is a collateral proceeding which allows inquiry only into constitutional issues that were not, and could not have been, adjudicated in an appeal of the underlying judgment. *Id.*

¶ 16    The Act provides a three-stage process for the adjudication of postconviction petitions. *People v. English*, 2013 IL 112890, ¶ 23. At the first stage of postconviction proceedings, the trial court must determine, taking the allegations as true, whether the defendant's petition is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2020). At the second stage of postconviction proceedings, "the State may move to dismiss a petition or an amended petition pending before the court." *People v. Pendelton*, 223 Ill. 2d 458, 472 (2006). The defendant bears the burden of making a substantial showing of a constitutional violation. *Id.* at 473. At the second stage of proceedings, all well-pleaded facts that are not positively rebutted by the trial record are to be taken as true. Here, the trial court granted the State's motion to dismiss and dismissed the defendant's amended petition at the second stage. As such, we review the dismissal *de novo*. *People v. Velasco*, 2018 IL App (1st) 161683, ¶ 91.

¶ 17    Counsel may be appointed at the second stage where a defendant is indigent (725 ILCS 5/122-4 (West 2006)). The right to counsel in postconviction proceedings is wholly statutory, and petitioners are only entitled to the level of assistance provided for in the Act. *People v. Suarez*, 224

Ill. 2d 37, 42 (2007) (citing *People v. Turner*, 187 Ill. 2d 406, 410 (1999)). That level of assistance has been defined by our supreme court to mean a "reasonable" level of assistance, and a "reasonable" standard is significantly lower than the one mandated at trial by our state and federal constitutions. *People v. Custer*, 2019 IL 123339, ¶ 30. One aspect of "reasonable" assistance is compliance with Rule 651(c). *People v. Carter*, 223 Ill. App. 3d 957, 961 (1992).

¶ 18    Rule 651(c) imposes three duties on appointed postconviction counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Pursuant to the rule, postconviction counsel must show that he or she (1) consulted with the petitioner to ascertain his or her contentions of constitutional deprivations, (2) examined the record of the trial proceedings, and (3) made any amendments to the filed *pro se* petition necessary to adequately present the petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). The purpose of the rule is to ensure that postconviction counsel shapes the defendant's claims into a proper legal form and presents them to the trial court. *Perkins*, 229 Ill. 2d at 44. Additionally, "[w]hile post-conviction counsel has an obligation to present a *petitioner's claims* in appropriate legal form, he is under no obligation to actively search for sources outside the record that might support general claims raised in a post-conviction petition." (Emphasis in original.) *People v. Johnson*, 154 Ill. 2d 227, 247 (1993). Our supreme court has consistently held remand is required when postconviction counsel fails to complete any one of the above duties, regardless of whether the claims raised in the petition have merit. *Suarez*, 224 Ill. 2d at 47. On appeal, we review an attorney's compliance with Rule 651(c) *de novo*. *People v. Blanchard*, 2015 IL App (1st) 132281, ¶ 15.

¶ 19    Postconviction counsel may file a certificate indicating that the requirements of Rule 651(c) were complied with. The filing of a Rule 651(c) certificate gives rise to a rebuttable presumption that postconviction counsel complied with the requirements of the rule and provided

reasonable assistance. *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 26. The defendant bears the burden to overcome this presumption by demonstrating that his or her counsel failed to substantially comply with the requirements of Rule 651(c). *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. The record, taken as a whole, may also demonstrate that counsel complied with the provisions of Rule 651(c). *People v. Richardson*, 382 Ill. App. 3d 248, 257 (2008). Substantial compliance with the rule is sufficient. *Profit*, 2012 IL App (1st) 101307, ¶ 18.

¶ 20　　In the present case, the defendant asserts that postconviction counsel (1) filed a facially deficient Rule 651(c) certificate and (2) failed to make amendments to his postconviction petition necessary to assert his claims in proper legal form. See *People v. Nitz*, 2011 IL App (2d) 100031, ¶ 18 ("Under Rule 651(c), postconviction counsel has an obligation to present a defendant's postconviction claims in the appropriate legal form, and the failure to do so constitutes unreasonable assistance.").

¶ 21　　　　　　　　　　　A. Rule 651(c) Certificate

¶ 22　　We first consider whether postconviction counsel's certificate, filed pursuant to Rule 651(c), was facially sufficient. The defendant argues that where postconviction counsel filed a Rule 651(c) certificate that failed to track, verbatim, the language within the rule, the certificate was facially invalid. As such, the defendant argues we should decline to afford any presumption that counsel acted reasonably and complied with the rule.

¶ 23　　Postconviction counsel filed a Rule 651(c) certificate on August 18, 2020, asserting that she (1) "met with Petitioner in person to discuss the petition, drafted an amended petition, corresponded through the mail regarding changes to the Amended Petition for Post- Conviction Relief, and had phone conversations," and (2) "examined the court record, including the

8

transcripts." Postconviction counsel filed an amended petition for postconviction relief on the same date.

¶ 24    The defendant argues that postconviction counsel's statement that she met with the defendant to discuss his petition, drafted an amended petition, and discussed the changes to the defendant's *pro se* petition through mail and phone correspondence was insufficient to show that she met with the defendant to "ascertain his contention regarding deprivations of his constitutional rights," or that amendments were made to the petition which were necessary to adequately present the defendant's contentions.

¶ 25    In support, the defendant cites *People v. Bashaw*, 361 Ill. App. 3d 963, 969 (2005), for the proposition that a Rule 651(c) certificate is invalid when postconviction counsel fails to recite that he or she has made any amendments necessary to shape the petitioner's claims. In *Bashaw*, the court found that postconviction counsel's Rule 651(c) certificate failed to indicate that she made "any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." (Internal quotation marks omitted.) *Bashaw*, 361 Ill. App. 3d at 969.

¶ 26    The postconviction certificate filed in *Bashaw* stated that the defendant " 'indicated that he wishes to rely on his original postconviction petition.' " *Id.* In *Bashaw*, however, the issue with the certificate was its indication that the defendant determined what amendments were necessary, not counsel. *Id.* What amendments are necessary to a postconviction petition, if any, is a matter calling for the exercise of an attorney's professional judgments and surrendering that decision to the defendant does not fulfill his or her duty to exercise that professional judgment. *Id.* As postconviction counsel's certificate here made no such reference to relying on the defendant to determine what amendments were necessary to his postconviction petition, *Bashaw* is inapposite.

9

¶ 27    We have previously found a Rule 651(c) certificate to be sufficient where postconviction counsel "consulted with [the defendant] by letters," "obtained and examined the report of proceedings [in the defendant's] trial," and "prepared a supplemental petition for postconviction relief 'augmenting [the defendant's] previously filed Petition.' " *Richardson*, 382 Ill. App. 3d at 251. The *Richardson* court acknowledged that counsel's certificate did not contain the exact language of Rule 651(c), but found that it was "reasonable to infer" that counsel consulted with the defendant to " 'ascertain his contentions' " as required by the rule. *Id.* at 257

¶ 28    A similar certificate was found to substantially comply with Rule 651(c) in *People v. Landa*, 2020 IL App (1st) 170851, ¶¶ 47, 49, where postconviction counsel averred that he had " 'communicated with the petitioner by mail [and] telephonically,' " " 'examined the record and transcripts [t]herein,' " and " 'presented the petitioner's claims.' " *Id.* ¶ 47. Additionally, this court recently held in *People v. Wells*, 2024 IL App (5th) 200324-U, that an almost identical certificate met the requirements of Rule 651(c). *Id.* ¶¶ 26-31.

¶ 29    Here, although postconviction counsel's certificate did not mirror the language of Rule 651(c) precisely, it substantially complied with the rule. Postconviction counsel stated that she communicated with the defendant by phone and through the mail to discuss the petition and any changes to her drafted amended petition, examined the court record and transcripts, and drafted an amended petition. We can reasonably infer by postconviction counsel's statements that she met with the defendant to ascertain his contentions of constitutional deprivation and examined the record and relevant transcripts. Further, we find postconviction counsel's statement that she had drafted an amended petition and had corresponded with the defendant regarding the changes to the amended petition adequate to infer that postconviction counsel amended the *pro se* petition to adequately present the petitioner's contentions. We find postconviction counsel's statements,

10

taken in totality, were sufficient to meet the requirements of Rule 651(c). Where the certificate that postconviction counsel filed comported with Rule 651(c), we start with the rebuttable presumption that the defendant's counsel provided the defendant with the reasonable assistance that the law requires. *Custer*, 2019 IL 12339, ¶ 31.

¶ 30    The fact that the Rule 651(c) certificate was sufficient, however, is not dispositive of the defendant's claims. Our supreme court has stated that it "do[es] not intend to suggest that an attorney's Rule 651(c) certificate is conclusive of compliance and can never be rebutted." *Perkins*, 229 Ill. 2d at 52. Rather, Rule 651(c) is one mechanism for ensuring a reasonable level of assistance and should not be viewed as the only guarantee of reasonable assistance in postconviction proceedings. *People v. Cotto*, 2016 IL 119006, ¶ 41.

¶ 31        B. Postconviction Counsel Failed to Provide Reasonable Assistance

¶ 32    Next, the defendant argues that even if postconviction counsel filed a substantially compliant Rule 651(c) certificate, the certificate is rebutted where postconviction counsel rendered unreasonable assistance of counsel by failing to make amendments to the defendant's petition that were required to adequately present his claims. The defendant points to postconviction counsel's failure to (1) file a notarized affidavit from the defendant; (2) file a notarized affidavit from another witness, Lloyd White; and (3) provide an affidavit from Reverend Parker, a purported alibi witness, or an explanation for its absence. Further, the defendant argues that postconviction counsel failed to allege prejudice where it was required to support the defendant's claims that (1) he was denied effective assistance of trial and appellate counsel; (2) the State withheld impeachment evidence regarding misconduct by police investigators; (3) the State presented false testimony; and (4) trial counsel failed to advise the defendant of any plea offers by the State. We

11

will focus on the deficiencies that relate directly to the defendant's postconviction claim of ineffective assistance of trial and appellate counsel, as we find the issue dispositive.

¶ 33   The State, citing *Landa*, 2020 IL App (1st) 170851, ¶ 58, argues that, in cases in which a Rule 651(c) certificate has been filed, a postconviction petitioner may not obtain a remand without demonstrating prejudice. *Landa*, however, stated that the *Suarez* rule, that remand is required where counsel fails to substantially comply with Rule 651(c), regardless of whether the claims raised in the petition had merit (*Suarez*, 224 Ill. 2d at 47), "may also apply where counsel has failed to perform one of the three specific duties outlined in that rule." *Landa*, 2020 IL App (1st) 170851, ¶ 58.

¶ 34   Here, the defendant alleges that postconviction counsel failed to make the necessary amendments for an adequate presentation of his claims. Our supreme court has held that harmless error analysis does not apply where compliance with Rule 651(c) is not shown and that such compliance must be shown regardless of whether the claims made in the petition are viable. *People v. Addison*, 2023 IL 127119, ¶ 35. A defendant is not required to make a positive showing that his counsel's failure to comply with Rule 651(c) caused prejudice. *Perkins*, 367 Ill. App. 3d at 905.

¶ 35   Under Rule 651(c), postconviction counsel has an obligation to present a defendant's postconviction claims in the appropriate legal form, and the failure to do so constitutes unreasonable assistance. See *People v. Waldrop*, 353 Ill. App. 3d 244, 251 (2004). The issue during the second-stage hearing is the trial court's examination of the legal sufficiency of the petition, which is handled without engaging in fact-finding or credibility determinations. *People v. Woods*, 2020 IL App (1st) 162751, ¶ 61. Postconviction petitioners are entitled to have counsel comply with the limited duties of Rule 651(c) before the merits of their petitions are determined. *Addison*, 2023 IL 127119, ¶ 37.

¶ 36    The State also argues that remand is not required where the trial court dismissed the petition on the merits rather than finding that the claims were forfeited, and that the defendant's claims lack merit. It would not be proper, however, to affirm the dismissal of a defendant's petition when postconviction counsel had not shaped the claims into the proper form. When counsel has not complied with Rule 651(c), the reviewing court will not consider the merits of the petition. *Id.* ¶ 41.

¶ 37    Here, postconviction counsel failed to provide the defendant with the reasonable assistance of counsel. The defendant's *pro se* petition, incorporated in postconviction counsel's amended petition, raised 10 allegations of ineffective assistance of trial counsel, and alleged ineffective assistance of appellate counsel for failing to raise the issues on direct appeal. While the *pro se* petitioner alleged that he was prejudiced in his *pro se* postconviction petition, he did not describe how he was prejudiced by any of the issues raised regarding the performance of trial counsel, or that the outcome of the trial may have been different absent trial counsel's errors. Likewise, postconviction counsel failed to include any allegation of the prejudice that resulted from trial counsel's alleged errors, other than a general assertion at the end of the amended postconviction petition, which indicated that "[t]he cumulative prejudicial error throughout the case rendered the trial fundamentally unfair."

¶ 38    To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's representation was deficient and that the asserted deficiency in counsel's performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Establishing prejudice under the *Strickland* inquiry requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

13

outcome." *Id.* at 694. Allegations of ineffective assistance of appellate counsel are evaluated under the same standard that governs the performance of trial counsel. *People v. West*, 287 Ill. 2d 418, 435 (1999).

¶ 39   Where the postconviction contentions allege ineffective assistance of counsel, then the postconviction petition must allege both the errors complained of and the prejudice suffered because of those errors. *People v. Dixon*, 2018 IL App (3d) 150630, ¶¶ 15-16. Without an allegation of prejudice resulting from trial counsel's errors, the postconviction petition did not state a viable claim of ineffective assistance of counsel. *Id.* ¶ 16. Postconviction counsel's bare assertion that "[t]he cumulative prejudicial error throughout the case rendered the trial fundamentally unfair," was insufficient to allege the prejudice required for the trial court to find ineffective assistance of trial counsel. The amended postconviction petition did not indicate how, or even if, each of the defendant's allegations regarding trial counsel's performance would have potentially affected the outcome of the trial. Postconviction counsel did not allege that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

¶ 40   Further, the bare assertion of prejudice that was included in the defendant's amended postconviction petition relied on the allegation of cumulative error, and postconviction counsel did not make any argument that cumulative error denied the defendant a fair trial, or that appellate counsel was ineffective for failing to raise the issue of cumulative error on direct appeal. Indeed, by failing to properly plead any prejudicial deficiencies on the part of trial counsel, the defendant could not show that multiple errors cumulatively caused prejudice. Postconviction counsel's failure to allege how both trial and appellate counsel's conduct was deficient, including how the

14

defendant was prejudiced as a result, constituted a failure to comply with Rule 651(c)'s requirement that the defendant's complaints be shaped into proper legal form.

¶ 41    Prejudice is an essential element of the defendant's legal claims of ineffective assistance of counsel, and failure to include an allegation of prejudice constitutes unreasonable assistance of postconviction counsel. See *People v. Albanese*, 104 Ill. 2d 504, 525-26 (1984) (defendant alleging ineffective assistance of counsel must demonstrate prejudice); see also *Turner*, 187 Ill. 2d at 413 (postconviction counsel did not provide reasonable assistance where he failed to amend the petition to include an allegation of prejudice); and *People v. Jennings*, 345 Ill. App. 3d 265, 272 (2003) (postconviction counsel's assistance rendered unreasonable because the amended petition lacked an explanation of how trial counsel's performance was deficient). The failure to assert the essential element of prejudice alone means that postconviction counsel failed to make the necessary amendments to adequately assert the defendant's claims as required by Rule 651(c). See *Wells*, 2024 IL App (5th) 200324-U, ¶ 38. Thus, the defendant has rebutted the presumption of reasonable assistance that arose from postconviction counsel's Rule 651(c) certificate.

¶ 42                                III. CONCLUSION

¶ 43    For the foregoing reasons, we reverse the trial court's dismissal of the defendant's petition and remand for further second-stage proceedings, for which the defendant should be appointed new postconviction counsel, with leave to amend the petition for postconviction relief. Given the extraordinary delays that have occurred in this case since this petition was first filed by the defendant over 18 years ago, we urge the trial court to act as promptly as possible to resolve the claims raised by this petition.

¶ 44    Reversed and remanded with directions.