# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Kirk*, 2012 IL App (1st) 101606

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WAYNE KIRK, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-10-1606 |
| Filed | September 24, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's postconviction counsel rendered unreasonable assistance by failing to amend defendant's *pro se* postconviction petition to include a claim of ineffective assistance of defendant's appellate counsel based on his failure to comply with his duties under Supreme Court Rule 651(c); therefore, the cause was remanded to the trial court with directions to conduct a second-stage hearing after allowing defendant an opportunity to amend his petition. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 05-CR-12227; the Hon. Charles P. Burns, Judge, presiding. |
| Judgment | Reversed and remanded with instructions. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Jonathan Yeasting, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Yvette Loizon, and Michele Grimaldi Stein, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.

Presiding Justice Hoffman and Justice Rochford concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant Wayne Kirk appeals from the second-stage dismissal of his *pro se* petition for relief under the Post-Conviction Hearing Act (Act). 725 ILCS 5/122-1 *et seq.* (West 2010). He contends that postconviction counsel failed to provide him with reasonable assistance under Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984) because counsel did not amend his *pro se* postconviction petition or procure affidavits from witnesses.

¶ 2                          BACKGROUND

¶ 3    The record shows, in relevant part, that on May 8, 2005, the defendant shot his roommate, William Herron, during an argument in the townhouse they shared with four others at 145 East 133rd Street, in Chicago. Herron suffered severe injuries as a result of the shooting, including wounds to his arm and back, a broken rib, and a collapsed lung.

¶ 4    Prior to trial, the defendant repeatedly expressed his desire for a speedy trial, and when he did so on January 24, 2006, the following discussion was had:

"MR. KIRK [defendant]: I want to go to trial without the witness. There's only one witness.

THE COURT: We'll set it for trial. Now, you understand your attorney is not able to call any witnesses, you're waiving your defense?

MR. KIRK: There is only one witness and I have an affidavit from him saying he's not going to press charges.

THE COURT: It's not up to him to press charges.

MS. SIMS [defense counsel]: I had this conversation with Mr. Kirk on more than one occasion. I explained to him it's the State's Attorney's decision whether or not to press charges.

-2-

THE COURT: Right. If he wants to go to trial without the witnesses.

MR. KIRK: There are no witnesses.

MS. [SIMS]: And we also need to file an answer alleging an affirmative defense, and I did explain to Mr. Kirk about *Lynch* witnesses, a woman we're trying to bring in."

Following this exchange, the court tentatively set the case for trial on March 6, 2006.

¶ 5    The tentative trial date passed, and on March 21, 2006, counsel informed the court that she "had subpoenaed some material about the alleged victim in this case, *Lynch* material." A *Lynch* hearing[1] was then set for April 3, 2006, and later rescheduled for April 10, 2006. The report of proceedings for that date does not contain a transcript of a *Lynch* hearing, and the memorandum of orders does not reflect that the court ruled on *Lynch* materials. Nevertheless, at the following hearing on May 5, 2006, counsel reminded the court, "[o]n the last court date you ruled on *Lynch* material," and the State responded, "That's correct."

¶ 6    At the ensuing bench trial, the defendant testified that he shot Herron in self-defense, and the court ultimately found him guilty of aggravated battery with a firearm. The defendant then filed a motion for a new trial alleging, *inter alia*, that "[t]he Court erred in limiting *Lynch* evidence to only the defendant's testimony. Mr. Kirk and Mr. Herron were members of the same household, and other's [*sic*] in the home could have testified to Mr. Herron's aggressive and violent nature." The trial court denied the motion and sentenced the defendant to six years' imprisonment. This court affirmed the defendant's conviction and sentence on direct appeal over his claim that the State failed to disprove his use of self-defense beyond a reasonable doubt. *People v. Kirk*, No. 1-06-1969 (2008) (unpublished order under Supreme Court Rule 23).

¶ 7    On July 14, 2008, the defendant filed a *pro se* petition for postconviction relief alleging that trial counsel was ineffective for failing to present the documents attached to his petition which, he claimed, "show reasonable doubt" and could have proved his claim of self-defense. He also alleged:

"Although there were not any eyewitnessess [*sic*] to the actual occurrence. There are several witnessess [*sic*] that could have been called. The victim's sister Angenette Holloway the defendant's fiancé[e] and her son Ramon Herron. They both would have testified to the victim's violent behavior as they both have witnessed his behavioral patterns in the past. Also the arresting officers from the victims [*sic*] recent battery case (Riverdale police report) Officer Pearson #128 and Officer Belliveau #139 could have testified to the victims [*sic*] violent behavior at the time of the recent battery case."

¶ 8    The defendant attached to his petition a Riverdale police department report from September 5, 2005, regarding a domestic battery incident in which Herron was the suspect and his fiancée Julie Mayes was the victim. He also attached a report showing two 911 calls made from 145 East 133rd Street on May 8, 2005, as well as a copy of a police report for that

---

[1]In *People v. Lynch*, 104 Ill. 2d 194, 200 (1984), the supreme court held that when self-defense is raised, the defendant may present appropriate evidence of the victim's aggressive and violent character to establish the victim as the aggressor.

incident.

¶ 9      At a hearing on March 18, 2009, an assistant public defender (APD) informed the court that two undated and unsigned memorandum orders, drafted by two different judges, one of which was file-stamped, had been found. Each order dismissed the defendant's postconviction petition as frivolous and patently without merit. The case was then passed, and when it was recalled, the court noted, "[a]fter looking at this, after talking with the staff attorney, I am going to have to docket this." Consistent with section 122-2.1(b) of the Act (725 ILCS 5/122-2.1(b) (West 2010)), the court docketed the defendant's postconviction petition and appointed the public defender to represent him.

¶ 10      On April 27, 2009, postconviction counsel presented the court with an order for transcripts and the record, and as of December 14, 2009, counsel was still trying to obtain the transcripts of the *Lynch* hearing. On January 14, 2010, counsel filed a Rule 651(c) (Ill. S. Ct. R. 651(c) (eff. Dec. 4, 1984)) certificate in which she noted, *inter alia*, "I have examined Petitioner's *pro se* Petition for Post-Conviction Relief and, as it adequately presents his issues, a supplemental petition will not be presented."

¶ 11      On March 11, 2010, a new APD informed the court that he had taken over the defendant's case. That same day, the State filed a motion to dismiss the defendant's petition, asserting that postconviction counsel had violated Illinois Supreme Court Rule 137 (Ill. S. Ct. R. 137 (eff. Feb. 1, 1994)) by adopting a frivolous pleading and that the petition was based on conclusory allegations which failed to state a cognizable claim. In the motion, the State also expressed its displeasure with counsel's failure to amend the petition or withdraw as counsel, noting that "[t]he petition must now be deciphered by the People and by this Honorable Court," and that "the services of appointed counsel, paid by the taxpayers to represent petitioner, would really have come in handy."

¶ 12      A hearing was held on the State's motion on April 15, 2010. There the State argued, *inter alia*, that:

> "[W]ith post-conviction petitions when a pro-se petition such as this one have no valid claims, the attorney is supposed to state so and withdraw.
>
>     Here the pro-se petition was just adopted and passed onto the Court and two [*sic*] State to comb through and try and figure out what the defendant was talking about."

¶ 13      In response, counsel asserted that "if what [the State] is dictating is that I should now withdraw because there is no meritorious claim, I also reject that." Counsel conceded "that as far as trial counsel, trial counsel's hands were tied by this *Lynch* hearing as to what kind of evidence she could present." However, counsel stated that "the issue I present to you today is ineffective assistance of Appellate Counsel." Counsel argued that he had certification "that there is no transcript of this alleged *Lynch* hearing," and that "the appeal that was filed went only to reasonable doubt instead of specifically highlighting the issue of the *Lynch* hearing and what information was or was not allowed in." Counsel then concluded, "I don't think that this is a non-meritorious claim. I believe that this has merit to it. We don't have the hearing. Appellate counsel did not even raise the issue." The State replied that counsel's raising of this argument was "a total ambush."

¶ 14      On June 1, 2010, the circuit court entered a written order noting that the defendant's "*pro*

*se* petition is unclear and fails to allege a coherent claim," and that "appointed counsel's decision to adopt the *pro se* petition, without clarifying the alleged claims, leaves this Court the job of deciphering the petition." The court also found that the defendant waived his sufficiency of the evidence claim, that his allegation of ineffective assistance of trial counsel was baseless, conclusory, and unsupported by affidavits from the witnesses whom counsel allegedly failed to contact, and, ultimately, that he failed to make a substantial showing of a constitutional violation. The court thus granted the State's motion to dismiss the defendant's postconviction petition. Also on June 1, 2010, the defendant filed a timely notice of appeal of the trial court's order which dismissed his *pro se* postconviction petition.

¶ 15                                    ANALYSIS

¶ 16       On June 1, 2010, the trial court dismissed the defendant's *pro se* postconviction petition. Also on June 1, 2010, the defendant filed a timely notice of appeal. This court has jurisdiction to consider the defendant's arguments on appeal pursuant to Illinois Supreme Court Rule 651(a) (eff. Dec. 1, 1984).

¶ 17       On appeal, the defendant does not challenge the dismissal of his postconviction petition on the merits. Rather, he contends that postconviction counsel rendered unreasonable assistance by failing to amend his *pro se* postconviction petition or procure supporting affidavits, and that his case should be remanded for second-stage proceedings. Our review of the dismissal of a petition without an evidentiary hearing is *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 387-88 (1998).

¶ 18       We observe that the right to postconviction counsel is a matter of legislative grace and that a postconviction petitioner is only entitled to a reasonable level of assistance. *People v. Thompson*, 383 Ill. App. 3d 924, 931 (2008). That said, Rule 651(c) imposes specific duties on postconviction counsel to ensure that counsel provides that reasonable level of assistance. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). The rule requires that postconviction counsel consult with the defendant to ascertain his contentions of the deprivation of constitutional rights, examine the record of the proceedings at trial, and make any amendments to the defendant's *pro se* petition that are necessary for an adequate presentation of his contentions. Ill. S. Ct. R. 651(c) (eff. Dec. 1, 1984).

¶ 19       Compliance with Rule 651(c) may be shown by the filing of a certificate representing that counsel has fulfilled her duties. *People v. Perkins*, 229 Ill. 2d 34, 50 (2007). The filing of the certificate gives rise to the presumption that the defendant received the required representation during second-stage proceedings (*People v. Mendoza*, 402 Ill. App. 3d 808, 813 (2010)); however, this presumption may be rebutted by the record (*People v. Marshall*, 375 Ill. App. 3d 670, 680 (2007)).

¶ 20       In this case, postconviction counsel filed a Rule 651(c) certificate on January 14, 2010, thereby creating a presumption that the defendant received the representation required by the rule at this stage of proceedings. *Mendoza*, 402 Ill. App. 3d at 813. In this court, the defendant does not dispute that counsel examined the record of the proceedings at trial and consulted with him to ascertain his contentions of deprivation of constitutional rights, but contends that counsel failed to make "any of several necessary amendments" to his petition.

-5-

¶ 21 We note that postconviction counsel is not required to amend a defendant's *pro se* postconviction petition (*People v. Turner*, 187 Ill. 2d 406, 412 (1999)) but, rather, is only required to investigate and present the defendant's claims (*People v. Pendleton*, 223 Ill. 2d 458, 475 (2006)). Although counsel may raise additional issues if he or she so chooses, counsel is not required to do so. *Pendleton*, 223 Ill. 2d at 476. Also, counsel is not required to advance frivolous or spurious claims. *People v. Greer*, 212 Ill. 2d 192, 205 (2004). In fact, counsel's decision not to amend a defendant's *pro se* petition has been held not to constitute a deprivation of adequate representation where his claim lacks a sufficient factual basis. *People v. Johnson*, 17 Ill. App. 3d 277, 279 (1974).

¶ 22 Here, the defendant filed a *pro se* postconviction petition alleging that his trial counsel was ineffective for failing to present police reports and call certain witnesses in support of his claim of self-defense. The record shows that, prior to trial, counsel explained *Lynch* witnesses to the defendant and informed him of "a woman we're trying to bring in." The defendant, on the record, declared, "I want to go to trial without the witness," and insisted that there was "only one witness" who was "not going to press charges." Despite the defendant's attempts to derail her efforts, however, counsel persisted in attempting to gather and introduce *Lynch* evidence, informing the court on a subsequent date that she "had subpoenaed some material about the alleged victim in this case, *Lynch* material," then later, participating in a *Lynch* hearing.

¶ 23 The record thus indicates that defense counsel attempted to introduce at least some of the *Lynch* witnesses named in the defendant's petition where it was alleged in the defendant's motion for a new trial that "other's [*sic*] in the home could have testified to Mr. Herron's aggressive and violent nature." However, the trial court ultimately limited the *Lynch* evidence which counsel could present to the defendant's testimony alone. In light of this limitation, we find no factual basis to support the defendant's claim that counsel was ineffective for failing to introduce additional *Lynch* evidence, and that counsel cannot be charged with incompetence for deciding not to amend the defendant's *pro se* petition with allegations that were without substance. *Id*.

¶ 24 The defendant nonetheless claims that counsel provided unreasonable assistance by failing to procure affidavits from the proposed *Lynch* witnesses named in his *pro se* petition, citing *People v. Johnson*, 154 Ill. 2d 227 (1993), and *People v. Waldrop*, 353 Ill. App. 3d 244 (2004). In *Johnson*, the supreme court held that counsel failed to comply with Rule 651(c) where an affidavit he filed unequivocally established that he made no effort to obtain affidavits from the witnesses identified in the defendant's *pro se* petition. *Johnson*, 154 Ill. 2d at 241-43. Similarly, in *Waldrop*, the court held that counsel provided unreasonable assistance and failed to comply with Rule 651(c) where the record established that counsel mistakenly believed that he had no duty to obtain an affidavit from a witness identified in the defendant's *pro se* petition. *Waldrop*, 353 Ill. App. 3d at 250.

¶ 25 In citing *Johnson* and *Waldrop*, the defendant fails to address the supreme court's acknowledgment that "[i]n the ordinary case, a trial court ruling upon a motion to dismiss a postconviction petition which is not supported by affidavits or other documents may reasonably presume that postconviction counsel made a concerted effort to obtain affidavits in support of the postconviction claims, but was unable to do so." *Johnson*, 154 Ill. 2d at 241;

*Waldrop*, 353 Ill. App. 3d at 250. The defendant's failure to do so here appears to be a strategic oversight where counsel filed a Rule 651(c) certificate and, unlike *Johnson* and *Waldrop*, nothing in the record establishes or suggests that counsel did not make an effort to obtain affidavits in support of the defendant's claims.

¶ 26       Notwithstanding, the defendant's claim fails on a more fundamental level. Although Rule 651(c) requires counsel to make those amendments to the defendant's *pro se* petition which are necessary for an adequate presentation of his contentions (Ill. S. Ct. R. 651(c) (eff. Dec. 1, 1984)), affidavits from the proposed *Lynch* witnesses in this case would have provided no support for the defendant's claim that counsel was ineffective for failing to call such witnesses since the trial court limited the *Lynch* evidence counsel could present to the defendant's testimony alone. The affidavits were therefore *unnecessary* for an adequate presentation of the defendant's contention of ineffective assistance of trial counsel, and counsel's failure to include them was not unreasonable. *People v. Williams*, 186 Ill. 2d 55, 61-62 (1999).

¶ 27       The defendant next claims that counsel rendered unreasonable assistance because he failed to amend the defendant's petition to include the oral claim of ineffective assistance of appellate counsel he asserted during argument on the State's motion to dismiss. He maintains that counsel's failure to do so was especially troubling because the failure to amend a petition to include a claim of ineffective assistance of appellate counsel is one of the few specific amendments that the Illinois Supreme Court has instructed that postconviction attorneys *must* make when necessary. See *People v. Kluppelberg*, 327 Ill. App. 3d 939, 947 (2002).

¶ 28       The State responds that counsel's failure to amend the defendant's petition with a claim of ineffective assistance of appellate counsel was not unreasonable because the claim lacked merit. We note that after the briefs were filed in this case, we allowed the motions of the defendant and the State to cite *People v. Schlosser*, 2012 IL App (1st) 092523, and *People v. Profit*, 2012 IL App (1st) 101307, *pet. for leave to appeal pending*, No. 114568 (filed July 10, 2012), respectively, as additional authority on this issue.

¶ 29       In *Schlosser*, counsel was appointed to represent the defendant on his postconviction petition alleging that he was not proved guilty beyond a reasonable doubt and that his sentencing hearing was unfair. *Schlosser*, 2012 IL App (1st) 092523, ¶ 10. Counsel subsequently filed a Rule 651(c) certificate stating that he did not amend the defendant's petition because it adequately presented his claims, but then, at a hearing on the State's motion to dismiss, argued for the first time that appellate counsel was ineffective for failing to raise a sufficiency of the evidence claim on direct appeal. *Id.* ¶¶ 10, 19. The trial court found that this claim was forfeited because counsel did not amend the postconviction petition to include it, and dismissed the petition on the grounds of waiver. *Id.* ¶ 19.

¶ 30       On appeal, the defendant claimed that counsel's failure to amend his *pro se* petition to avoid the application of waiver constituted unreasonable assistance under Rule 651(c). *Id.* This court noted that the "exact same issue" had been addressed in *Turner*, and that the supreme court held that Rule 651(c) requires counsel to amend a *pro se* petition to allege ineffective assistance of appellate counsel to avoid waiver. *Id.* ¶ 22 (citing *Turner*, 187 Ill. 2d at 412-14). Therefore, consistent with *Turner*, this court found that counsel's failure to

amend the defendant's petition with a claim of ineffective assistance of appellate counsel was unreasonable. *Schlosser*, 2012 IL App (1st) 092523, ¶¶ 25-26.

¶ 31    Here, as in *Schlosser*, counsel raised an oral claim of ineffective assistance of appellate counsel for the first and only time at a hearing on the State's motion to dismiss the defendant's postconviction petition. Counsel asserted that appellate counsel was ineffective for failing to challenge the trial court's ruling on the admissibility of *Lynch* evidence and that this claim had merit. Unlike *Schlosser*, counsel's claim in this case was not necessary to overcome a procedural bar to addressing the specific claims raised in the defendant's petition, which were based on facts outside the record. See *People v. Taylor*, 237 Ill. 2d 356, 372 (2010) (noting that rules of procedural default are relaxed where the facts pertaining to the postconviction claim do not appear on the face of the trial record). However, the claim was derived from the defendant's allegations and presented by counsel as the only cognizable legal avenue by which the court could reach the crux of the defendant's claims concerning the lack of *Lynch* evidence introduced at his trial. Thus, as in *Schlosser*, counsel effectively admitted to the court that the defendant's "main claim" included ineffective assistance of appellate counsel, but failed to include that claim in the petition. *Schlosser*, 2012 IL App (1st) 092523, ¶ 28. Under these circumstances, we find that counsel did not comply with the duties imposed by Rule 651(c). See *id.* ¶ 33.

¶ 32    The State disagrees with this conclusion and argues that because counsel filed a Rule 651(c) certificate, "it must be presumed that *** counsel determined that no amendments could be made to the petition which would render the defendant's petition legally and factually sufficient to warrant further postconviction proceedings." To overcome this presumption, the State claims, "defendant must present some evidence of record demonstrating that his petition was *actually* salvageable," citing the recent decision of this court in *Profit*.[2]

¶ 33    In *Profit*, the trial court docketed the defendant's *pro se* successive postconviction petition and appointed counsel to represent him, *Profit*, 2012 IL App (1st) 101307, ¶ 9. The defendant filed two *pro se* pleadings, which were stricken by the court. *Id.* ¶¶ 8-12. Postconviction counsel then filed a Rule 651(c) certificate and asked the court to reconsider the dismissal of one of the defendant's *pro se* pleadings, but did not amend the petition to include the claims raised therein. *Id.* ¶ 13. The court declined to reconsider its dismissal of the defendant's pleadings and granted the State's motion to dismiss the defendant's postconviction petition. *Id.* ¶¶ 13-14.

¶ 34    On appeal, the defendant claimed that the presumption of compliance with Rule 651(c), triggered by counsel's filing of a certificate pursuant to that rule, was rebutted where counsel did not present the claims from his stricken *pro se* pleadings, regardless of the merits of those claims. *Id.* ¶¶ 19-21. This court found, to the contrary, that the question of whether the

---

[2]We note that the State, in its motion to cite additional authority, incorrectly characterizes the defendant's claim of unreasonable assistance of postconviction counsel as being based on counsel's failure to amend the petition with a claim that appellate counsel was ineffective for failing to raise a sufficiency of the evidence claim on appeal.

defendant's *pro se* allegations had merit was crucial to determining whether it was unreasonable for counsel to not file an amended petition. *Id.* ¶ 23. Accordingly, the conclusion that the defendant had failed to rebut the presumption that counsel complied with Rule 651(c) was based on an assessment of the merits of his stricken claims. *Id.* ¶¶ 24-31.

¶ 35      We find the State's reliance on *Profit* to be misplaced. First, we note that *Profit* did not address the precise question at issue here: whether counsel provides unreasonable assistance when he disavows the defendant's postconviction petition and orally asserts a new claim of professed merit at the hearing on the State's motion to dismiss, having failed to include it in the defendant's petition. Second, we note that, in *Profit*, this court addressed the merits of the claims raised in the defendant's stricken pleadings on a record that was silent as to whether counsel believed those claims had merit. Here, however, counsel specifically represented that his oral claim of ineffective assistance of appellate counsel had merit, despite a Rule 651(c) certification (filed by previous postconviction counsel) that the defendant's petition "adequately present[ed] his issues." We thus find *Profit* factually distinguishable from the case at bar.

¶ 36      In sum, we conclude that postconviction counsel rendered unreasonable assistance by failing to amend the defendant's *pro se* postconviction petition to include the claim of ineffective assistance of appellate counsel raised at the hearing on the State's motion to dismiss. We therefore reverse and remand with directions that the trial court conduct a second-stage evaluation after allowing the defendant leave to amend his postconviction petition with a claim of ineffective assistance of appellate counsel. See *Schlosser*, 2012 IL App (1st) 092523, ¶ 35 (citing *Turner*, 187 Ill. 2d at 417).

¶ 37      Reversed and remanded with instructions.