2020 IL App (1st) 190211-U

No. 1-19-0211

Order filed December 22, 2020.

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 06 CR 16086 |
| | ) | |
| ROMAN FOREMIN, | ) | The Honorable |
| | ) | Brian K. Flaherty, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in the judgment.

ORDER

¶ 1     *Held*: Postconviction counsel did not provide unreasonable assistance. This court affirmed the judgment of the circuit court and affirmed the second-stage dismissal of defendant's postconviction petition.

¶ 2     Defendant Roman Foremin pleaded guilty to attempted murder in exchange for a 31-year prison sentence. Defendant now appeals from the second-stage dismissal of his petition filed under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2014)). He contends postconviction counsel provided unreasonable assistance in violation of Supreme Court Rule

651(c) (eff. July 1, 2017) by arguing unpled issues and then failing to amend his *pro se* petition. We affirm.

¶ 3                                     BACKGROUND

¶ 4      On June 14, 2006, during midday, defendant and his codefendant Romarr Gipson walked up to two people sitting in a vehicle and shot them. Defendant fled the scene and dropped the gun, but a police officer who recognized him from a prior arrest apprehended him. The gun matched shell casings recovered from the scene. Defendant was arrested and then charged with multiple counts of attempted first degree murder, aggravated battery with a firearm, and aggravated discharge of a firearm.

¶ 5      On May 9, 2014, defendant nevertheless pleaded guilty to only one count of attempted murder in exchange for a 31-year prison sentence and dismissal of the remaining charges. At the plea hearing, the trial court first admonished defendant of the charges against him, his right to a jury trial, the potential immigration consequences, the minimum and maximum sentence he faced (31 years to life), and his mandatory supervised release term. Defendant signed and acknowledged a written waiver of his right to a jury, and the State presented the factual basis for the plea, which is delineated above. The State added there would have been testimony from the emergency room doctor that due to the gunshot wound, one victim was required to have his kidney removed, and later, a kidney transplant. Defendant stipulated to the facts, and the trial court found defendant's guilty plea freely and voluntarily given. The parties waived the presentence investigation (PSI) report, and the court then sentenced defendant to the agreed term based in part on defendant's lack of criminal history. Defendant had 2,642 days of presentence custody credit.

¶ 6    Some two years later, defendant filed a motion to correct the mittimus and sentencing credit arguing that the trial court failed to state "what percentage" of his sentence had to be served. He believed he was required to serve 50%. The motion was granted but only insofar as the court corrected the mittimus to reflect a Class X sentence (it previously had stated it was Class M).

¶ 7    Defendant subsequently filed the present *pro se* postconviction petition, wherein he alleged a denial of due process because, at his guilty plea hearing, the trial court did not inform defendant that he would have to serve 85% of his sentence (also known as good time conduct credit). See 730 ILCS 5/3-6-3(a)(2)(ii) (West 2006)[1] (in effect, requiring a prisoner convicted of attempted murder to serve 85% of his sentence); *People ex rel. Ryan v. Roe*, 201 Ill. 2d 552, 556 (2002). Defendant again asserted he believed it was 50%. He also complained that the court did not order a PSI. Defendant argued that since he did not have full knowledge of the consequences of his plea, it was not voluntary and knowing.

¶ 8    Defendant's petition advanced to the second stage of postconviction proceedings, where he was assigned a public defender to represent him. Postconviction counsel then filed a written Rule 651(c) certificate of compliance. The State filed a motion to dismiss, arguing the percentage of time served was a collateral consequence of the plea and not a required admonishment. In a written motion and at oral arguments, postconviction counsel added that defendant's trial counsel was constitutionally ineffective for failing to inform him he would have to serve 85% of his sentence, making his plea involuntary and thus denying him the benefit of his bargain.

---

[1]Notably, section 3-6-3(a)(2)(ii) governs only the potential credit that a defendant may receive for good conduct. *People v. Davis*, 405 Ill. App. 3d 585, 603 (2010). The award of any good-conduct credit is contingent upon a defendant's behavior in prison, and there is no guarantee that the defendant will receive any credit. *Id*.

Postconviction counsel asserted that defendant would not have pleaded guilty had he known about the correct good time conduct credit.

¶ 9    The court granted the State's motion to dismiss defendant's postconviction petition. Defendant appealed.

¶ 10                              ANALYSIS

¶ 11    The Act provides a three-stage process by which defendants may assert that their convictions were the result of a substantial denial of their constitutional rights. *People v. Boclair*, 202 Ill. 2d 89, 99-100 (2002); *People v. Burt*, 205 Ill. 2d 28, 35-36 (2001). The instant case involves the second stage of the postconviction process. At this stage, dismissal is warranted when the defendant's allegations, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation. *People v. Coleman*, 183 Ill. 2d 366, 382 (1998). Any factual allegations not positively rebutted by the record are considered true. *People v. Hall*, 217 Ill. 2d 324, 334 (2005). Our review at the second stage is *de novo. Coleman*, 183 Ill. 2d at 389.

¶ 12    Defendant now challenges the second-stage dismissal of his postconviction petition, with his sole contention being that he was denied reasonable assistance of counsel. Indeed, the right to postconviction counsel is a matter of legislative grace, and a postconviction petitioner is only entitled to a reasonable level of assistance. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007); *People v. Pinkonsly*, 207 Ill. 2d 555, 567 (2003). Rule 651(c) provides that reasonable assistance requires performance of three duties. Counsel must: (1) consult with the defendant either by mail or in person to ascertain the contentions of deprivation of constitutional rights; (2) examine the record of the trial court proceedings; and (3) make any amendments to the *pro se* petition necessary for an adequate presentation of the defendant's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017);

*Perkins*, 229 Ill. 2d at 42. The purpose of Rule 651(c) is to "ensure that postconviction counsel shapes the defendant's claim into a proper legal form and presents them to the court." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. In doing so, counsel is not required to advance nonmeritorious claims on defendant's behalf. *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006).

¶ 13 Our review of an attorney's compliance with a supreme court rule is also *de novo*. *People v. Jones,* 2011 IL App (1st) 092529, ¶ 19. Where, as here, postconviction counsel files a Rule 651(c) certificate, a rebuttable presumption is created that postconviction counsel provided reasonable assistance, and it is then the defendant's burden to overcome this presumption by demonstrating that counsel failed to substantially comply with the duties required by the rule. *Profit*, 2012 IL App (1st) 101307, ¶ 19.

¶ 14 Defendant does not now dispute that his postconviction counsel consulted with him and examined the trial court proceedings, the first two prongs of Rule 651(c). Rather, he maintains that counsel failed to make the necessary amendments to his *pro se* petition in order to adequately present defendant's contentions, as required by the third prong of Rule 651(c). In support, defendant notes that his postconviction counsel argued both orally and in her written motion that defendant's trial counsel was constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), but then failed to amend his *pro se* petition to reflect this claim. Defendant argues this violated Rule 651(c), and the record therefore rebuts counsel's certificate. We disagree.

¶ 15 While postconviction counsel may raise additional issues if he or she so chooses, there is no obligation to do so. *Pendleton*, 223 Ill. 2d at 476; see also *People v. Rials*, 345 Ill. App. 3d 636, 641 (2003) (" '[P]ostconviction counsel is not required to comb the record for issues not raised in the defendant's *pro se* post-conviction petition.' "). In other words, fulfillment of the

third obligation under Rule 651(c) does not require postconviction counsel to advance frivolous or spurious claims on defendant's behalf. *People v. Greer*, 212 Ill. 2d 192, 205 (2004). Since the underlying claim is just that, frivolous, we cannot countenance defendant's argument on appeal. The following demonstrates our point.

¶ 16    For the ineffective assistance of trial counsel claim, under *Strickland*, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's performance. *People v. Brown*, 2017 IL 121681, ¶ 26. As to the second prong, a guilty-plea defendant must show that there's a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id*. In addition, he must convince the court that a decision to reject the plea bargain would have been rational under the circumstances surrounding his plea. *Id*. ¶ 48.

¶ 17    Here, notably, there is no allegation that trial counsel misinformed defendant of good time conduct credit, which would require a different analysis. See *Brown*, 2017 IL 121681, ¶¶ 23, 27 (noting that counsel's misinformation as to sentencing credit can constitute objectively unreasonable conduct). More importantly, however, aside from addressing whether trial counsel even had to inform defendant about good time conduct credit, which is still considered a collateral matter, defendant's argument holds no water under the *Strickland* prejudice prong. See *People v. Boyd*, 2018 IL App (5th) 140556, ¶ 20 (noting that Illinois courts have consistently held that good time credit is a collateral consequence of a guilty plea and that plea counsel's failure to advise of a collateral consequence does not provide a basis to invalidate the plea); see also *People v. LaPointe*, 2015 IL App (2d) 130451, ¶¶ 73, 84-85 (holding that plea counsel was not ineffective for failing to inform the defendant of good conduct credit since it was a collateral consequence of the guilty plea).

¶ 18     Here, defendant's most serious charges included two counts of attempted first degree murder, each a Class X felony carrying 6 to 30 years in prison, plus a mandatory 25-year firearm enhancement. See 720 ILCS 5/8-4(c)(1), (c)(1)(D) (West 2014); 730 ILCS 5/5-4.5-25(a) (West 2014). A guilty finding would have required him to serve the sentences consecutively. See 730 ILCS 5/5-8-4(d)(1) (West 2014). Thus, had defendant gone to trial, he would have faced 62 years to life in prison for the attempted murders of the two victims, to be served at 85%. In his reply brief, defendant effectively concedes these facts as to his sentence. Indeed, it's worth noting that codefendant Gipson proceeded to a bench trial, was found guilty of attempting to murder the two victims, and received a 52-year sentence. See *People v. Gipson*, 2015 IL App (1st) 122451, ¶¶ 1, 80 (reversed and remanded on other grounds).

¶ 19     By pleading guilty, however, defendant received only a single Class X felony conviction with the minimum sentence of 31 years' imprisonment, and critically, the State dropped the remaining charges. Given the nature of the crime, which was an "ambush style" shooting, defendant likely would have received a minimum sentence of 62 years. See *id*. ¶ 24. In addition, nothing in the plea colloquy indicates defendant hung his hat on serving a sentence at 50% or was promised anything to get him to plead guilty. As such, nothing in the record demonstrates that a decision to reject the plea "would have been rational under the circumstances" of defendant's particular case. See *Brown*, 2017 IL 121681, ¶ 51. As a result, defendant's ineffective assistance of counsel claim holds no teeth and defendant cannot establish that his postconviction counsel was unreasonable for failing to amend his petition to advance a frivolous or spurious claim. See *People v. Johnson*, 232 Ill. App. 3d 674, 678 (1992) (noting, a mere failure to amend the *pro se* petition is not enough to establish inadequacy of representation in the absence of a showing that the petition could have been successfully amended). There could be no

substantial showing of a constitutional violation.[2] See *Coleman*, 183 Ill. 2d at 382. Defendant has thus failed to fulfill his burden of overcoming the presumption of reasonable assistance created by the Rule 651(c) certificate. See *Profit*, 2012 IL App (1st) 101307, ¶ 19.

¶ 20    The cases cited by defendant do not compel a different result. In *People v. Kirk*, 2012 IL App (1st) 101606, the defendant was found guilty of the aggravated battery with a firearm for shooting his roommate. He then filed a postconviction petition essentially alleging that he had evidence, pursuant to *People v. Lynch*, 104 Ill. 2d 194 (1984), showing the victim's violent tendencies and his trial counsel was ineffective for failing to present this evidence. This court held the record contradicted his claim, and as such, the defendant's postconviction counsel was not unreasonable in declining to amend the *pro se* petition to reflect substanceless allegations. Nonetheless, this court held that postconviction counsel should have amended the petition to reflect postconviction counsel's oral claim, argued against the State's motion to dismiss, that *appellate counsel* was ineffective for failing to raise the *Lynch* issue. This court noted, that "claim was derived from the defendant's allegations and presented by [postconviction] counsel as the only cognizable legal avenue by which the court could reach the crux of the defendant's claims concerning the lack of *Lynch* evidence introduced at his trial." *Kirk*, 2012 IL App (1st) 101606, ¶ 31. Thus, it was the necessary predicate to avoid forfeiture of the defendant's postconviction claims based on trial errors that had not been raised on direct appeal. See *id*. ¶ 13. Notably, *Kirk* does not hold that *any* claim advanced by postconviction counsel at argument

---

[2]Defendant maintains in his opening brief that he must only set forth a claim of arguable merit, but he cites no case law supporting that point. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) (the argument must contain the contentions of the appellant and the reasons therefor with citation to authorities); *People v. Robinson*, 2013 IL App (2d) 120087, ¶ 15 (an appellant must present clearly defined issues supported by relevant authority, and the appellate court is "not simply a repository in which appellants may dump the burden of argument and research."). Regardless, it's well established that once a defendant reaches the second stage of proceedings, he must present claims of a substantial constitutional violation in order to proceed further. See *Coleman*, 183 Ill. 2d at 382.

should also be made part of an amended petition, but rather one that possibly saves the petition's allegations.

¶ 21 Likewise, in *People v. Suarez*, 224 Ill. 2d 37 (2007), postconviction counsel failed to file a 651(c) affidavit, and the record did not show compliance with 651(c). In that context, the *Suarez* court held that remand was required regardless of whether the claims raised in the petition were meritorious; the court found that noncompliance with the rule could not be excused on the basis of harmless error. *Suarez*, 224 Ill. 2d at 51-52.

¶ 22 Here, as stated, counsel's Rule 651(c) certificate gave rise to a rebuttable presumption that he performed the duties required by the rule. And, contrary to defendant's claim otherwise, in this case, whether the allegations had merit was "crucial to determining whether counsel acted unreasonably by not filing an amended petition." *Profit*, 2012 IL App (1st) 101307, ¶¶ 22-23 (distinguishing *Suarez* on similar grounds). *Kirk* does not contradict this point, insofar as it held postconviction counsel need not advance substanceless claims on a defendant's behalf. Here, defendant failed to establish that postconviction counsel's ineffective assistance of trial counsel argument was necessary to adequately present his contentions already raised in his *pro se* postconviction. Defendant has thus failed to fulfill his burden of demonstrating that counsel did not comply with the duties required by Rule 651(c). See *Profit*, 2012 IL App (1st) 101307, ¶ 19.

¶ 23                                          CONCLUSION

¶ 24 For all the reasons stated, defendant's contention that his postconviction counsel was unreasonable in representing him fails. We thus affirm the second-stage dismissal of his postconviction petition.

¶ 25 Affirmed.