**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190310-U

Order filed July 13, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Tazewell County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0310 Circuit No. 16-CF-236 |
| | ) | |
| JESSE L. PFANZ, | ) ) | Honorable Michael D. Risinger, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE DAUGHERITY delivered the judgment of the court.
Justices Holdridge and O'Brien concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Postconviction counsel provided reasonable assistance in compliance with Rule 651(c).

¶ 2     Defendant, Jesse L. Pfanz, appeals following the second-stage dismissal of his petition for postconviction relief. He argues that postconviction counsel failed to provide reasonable assistance by failing to attach certain necessary affidavits and exhibits to defendant's amended postconviction petition. We affirm.

¶ 3                                            I. BACKGROUND

¶ 4          On November 4, 2016, defendant pled guilty to a single count of predatory criminal

sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)). In exchange for his plea, the

State dropped two other charges and recommended a sentence of seven years' imprisonment.

The State informed the court that defendant would be obligated to serve 85% of any sentence, to

be followed by a mandatory supervised release term of three years to life. Defendant would also

be required to register as a sex offender for life.

¶ 5          Defendant confirmed his understanding of the negotiated plea. He denied being under the

effects of any medication. Defendant also affirmed that he had discussed the plea in its entirety

with counsel and was satisfied with counsel's performance. The court admonished defendant of

the rights he was waiving by pleading guilty.

¶ 6          As a factual basis for the plea, the State indicated that evidence would show that

defendant, 26 years old at the time of the plea, was a family friend of eight-year-old E.F. On the

morning of April 14, 2016, defendant was responsible for the care of E.F. and E.F.'s three-year-

old brother, A.G. E.F. would testify that on that morning, defendant exposed his penis to both

siblings. A.G. touched defendant's penis and moved his hand up and down on it. A school nurse

and a representative of the Department of Children and Family Services would each testify that

E.F. disclosed those facts to them, separately, on the same day. A representative of the Tazewell

County Children's Advocacy Center would testify that E.F. disclosed those facts to her in an

interview the next day. That interview was recorded on video and would be introduced into

evidence at a trial.

¶ 7     Defendant agreed that the evidence recited by the State would be the evidence introduced if the matter proceeded to trial. The court accepted the factual basis and the plea. The court imposed the agreed sentence of seven years' imprisonment.

¶ 8     On September 14, 2017, defendant filed, as a self-represented litigant, a motion to withdraw his plea, alleging that he "was not mentally competent to enter a plea, because of heavy medication and his mental capacity to comprehend the implications." The circuit court construed defendant's motion as a petition for postconviction relief and appointed counsel on September 21, 2017.

¶ 9     On September 20, 2018, appointed counsel filed an amended postconviction petition. The petition raised five claims of ineffective assistance of plea counsel.

¶ 10     The first of those claims alleged that plea counsel failed to interview Dita Pfeiffer. The petition alleged that Pfeiffer told police that she saw E.F. playing in the front yard of 2010 Market Street on the day of the offense. Pfeiffer lived at 2012 Market Street. Pfeiffer observed a male appear at the door of 2010 Market Street and call for E.F. to come inside, but E.F. refused, instead walking to the bus stop. Pfeiffer further stated that the same male eventually "put [A.G.] into a vehicle and left." Pfeiffer did not know the name of the male.

¶ 11     Second, the petition alleged that plea counsel requested that defendant's father, Allen, interview witnesses at 2012 Market Street "instead of speaking to witnesses himself."

¶ 12     Third, the petition alleged that plea counsel failed to familiarize himself with discovery materials or otherwise provide them to defendant for his own review. The petition alleged that defendant procured materials only through a Freedom of Information Act request, but that the response was so heavily redacted as to be indecipherable.

¶ 13    Fourth, the petition alleged that plea counsel was ineffective for failing to raise the issue of defendant's fitness to stand trial. The petition alleged that "[d]efendant was taking psychotropic medication and was unable to understand the consequences of his guilty plea."

¶ 14    Fifth, the petition alleged that plea counsel was ineffective for failing to move to suppress statements made by defendant to police during an interview conducted on the day of the offense.

¶ 15    An affidavit from Allen was attached to the petition. In the affidavit, Allen averred that plea counsel "had come across a police report that contained an interview with neighbors to the victim's address of 2010 Market Street." Plea counsel requested that Allen seek those witnesses out and invite them to speak with plea counsel. Allen declined the request, suggesting "that was something his staff should do."

¶ 16    The State filed a motion to dismiss the petition, arguing, *inter alia*, that claims of ineffective assistance of counsel following a guilty plea must be accompanied by a claim of actual innocence or the articulation of a plausible defense that might be raised at trial. The State also asserted that defendant had failed to attach documentation supporting many of his claims.

¶ 17    The matter was continued on numerous occasions for the express purpose of allowing postconviction counsel time to procure defendant's medical records. On January 17, 2019, counsel filed a certificate declaring that he had consulted with defendant, examined the record of the proceedings of the guilty plea, and "made any amendments to the petition filed *pro-se* that are necessary for an adequate presentation of [defendant's] contentions."

¶ 18    On May 24, 2019, the court held a hearing on the State's motion to dismiss. At the hearing, postconviction counsel presented as an exhibit defendant's medical records from the Tazewell County jail. The court noted that the records had previously been tendered directly to the court, such that the court had already had an opportunity to review them. In summarizing the

4

medical records, the court found that they indicated only that defendant was being treated for heartburn, a toothache, and depression. The court granted the State's motion to dismiss, opining, *inter alia*, that many of defendant's other claims of ineffectiveness were not supported by any type of documentation.

¶ 19                                      II. ANALYSIS

¶ 20          On appeal, defendant argues that postconviction counsel's failure to provide affidavits or other evidence in support of defendant's postconviction petition amounted to unreasonable assistance under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). He thus requests that we vacate the circuit court's order dismissing his postconviction petition and remand the matter for new second-stage proceedings.

¶ 21          A defendant does not have a constitutional right to effective assistance of counsel in proceedings under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). *People v. Davis*, 156 Ill. 2d 149, 162 (1993). Rather, where counsel is appointed under the Act, a petitioner is entitled to "reasonable assistance." *People v. Cotto*, 2016 IL 119006, ¶ 30. "Commensurate with the lower reasonable assistance standard mandated in postconviction proceedings, Illinois Supreme Court Rule 651 (eff. July 1, 2017) sharply limits the requisite duties of postconviction counsel." *People v. Custer*, 2019 IL 123339, ¶ 32.

¶ 22          Rule 651(c) requires that postconviction counsel (1) consult with the petitioner to ascertain his contentions of deprivation of constitutional rights, (2) examine the record of proceedings, and (3) make "any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Compliance with the Rule 651(c) requirements may be shown through counsel's filing of a certificate attesting that he has completed those duties; the filing of a Rule 651(c) certificate

5

creates a rebuttable presumption of reasonable assistance. *People v. Perkins*, 229 Ill. 2d 34, 52 (2007); *Custer*, 2019 IL 123339, ¶ 32. The Act requires that a petition "have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2018). Defendant argues that by failing to attach such evidence to the amended petition, postconviction counsel failed to comply with the third requirement of Rule 651(c), thus rendering his assistance unreasonable.

¶ 23    Defendant concedes that postconviction counsel filed a proper Rule 651(c) certificate. Thus, a rebuttable presumption exists that counsel complied with the requirements of that rule, and therefore that he provided reasonable assistance. *Perkins*, 229 Ill. 2d at 52; *Custer*, 2019 IL 123339, ¶ 32. Further, we observe that, with respect to two of the five claims raised in the amended petition, postconviction counsel did attach the required supporting documentation. The allegation that plea counsel attempted to enlist the help of Allen was supported by an affidavit from Allen. The allegation that defendant had been unfit to plead guilty was supported by records of his medical treatment in the Tazewell County jail.[1]

¶ 24    Our supreme court has made clear that where a postconviction petition is unsupported by affidavits or other supporting documents, a court "may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims." *People v. Johnson*, 154 Ill. 2d 227, 241 (1993). Despite that presumption, the *Johnson* court found that postconviction counsel in that case had failed to comply with Rule 651(c). *Id.* at 243. The court commented:

_____

[1]We note that on appeal, defendant only takes issue with the performance of postconviction counsel. He does not contend that the circuit court's dismissal of his amended petition was erroneous.

"Here, however, this presumption is flatly contradicted by the record. Post-conviction counsel filed an affidavit as a supplemental record in this appeal, which unequivocally establishes that counsel made no effort to investigate the claims raised in the defendant's post-conviction petition or to obtain affidavits from any of the witnesses specifically identified in the defendant's *pro se* petition." *Id.* at 241.

Similarly, in *People v. Waldrop*, 353 Ill. App. 3d 244, 250 (2004), the court found the presumption was "flatly contradicted by the record"—and thus found unreasonable assistance—where postconviction counsel had explicitly informed the circuit court of his belief that affidavits were not necessary.

¶ 25 In the great majority of cases, the *Johnson* presumption precludes a finding of unreasonable assistance based on failure to provide affidavits. *E.g.*, *People v. Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 22; *People v. Kirk*, 2012 IL App (1st) 101606, ¶ 25. In *Kirk*, for instance, the court observed: "[U]nlike [in] *Johnson* and *Waldrop*, nothing in the record establishes or suggests that counsel did not make an effort to obtain affidavits in support of the defendant's claims." *Kirk*, 2012 IL App (1st) 101606, ¶ 25; see also *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 29 ("There is no such contradiction here, rendering *Waldrop* distinguishable.").

¶ 26 In the instant case, unlike in *Johnson* and *Waldrop*, there is no affirmative evidence establishing that postconviction counsel failed to make an effort to obtain affidavits. The lack of affidavits, without more, is insufficient to rebut the *Johnson* presumption. *E.g.*, *Kirk*, 2012 IL App (1st) 101606, ¶ 25. Further, unlike in *Waldrop*, the record establishes that counsel was plainly aware of his obligation to provide supporting documentation to the extent possible, as shown by his procurement of Allen's affidavit and defendant's medical records. Defendant

7

makes no argument to the contrary, and, in fact, does not acknowledge the *Johnson* presumption in either of his briefs. Accordingly, defendant has failed to rebut the presumption that postconviction counsel made efforts to obtain the necessary affidavits or evidence, and, in turn, has failed to rebut the presumption that counsel rendered reasonable assistance in compliance with Rule 651(c).

¶ 27                                    III. CONCLUSION

¶ 28        The judgment of the circuit court of Tazewell County is affirmed.

¶ 29        Affirmed.