NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230203-U

NO. 4-23-0203

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 18, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Mercer County |
| JOHN F. SULLIVAN, | ) | No. 19CF12 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Matthew W. Durbin, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Zenoff and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, concluding: (1) postconviction counsel filed a satisfactory certificate under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) and (2) the issue of ineffective assistance of trial counsel was waived.

¶ 2       In July 2022, defendant, John F. Sullivan, through appointed counsel, filed an amended postconviction petition contending his trial counsel provided ineffective assistance by laboring under a conflict of interest. The trial court granted the State's motion to dismiss. Defendant appeals, arguing postconviction counsel provided unreasonable assistance. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4       In July 2019, defendant was charged by amended information with one count of theft (720 ILCS 5/16-1(a)(1) (West 2018)), a Class 3 felony, and one count of obstructing justice (720 ILCS 5/31-4(a)(1) (West 2018)), a Class 4 felony, in connection with his retention and eventual selling of a horse trailer belonging to, and left on his property by, Robin McGee.

Specifically, the State alleged that on or about December 29, 2018, defendant knowingly obtained unauthorized control over this trailer and, on or about March 24, 2019, lied to a detective by saying he did not know who removed the trailer from his property. Defendant's wife was similarly charged for the incident, and both retained the services of Herb Schultz for their defense. After a bench trial, the trial court found defendant guilty of both counts. The court sentenced defendant to 24 months' probation and 90 days' stayed jail time. The court also ordered defendant to pay restitution in the amount of $8064—$5000 for the value of the trailer and $3064 for the value of its contents. On direct appeal, the Third District reversed defendant's obstructing justice conviction and vacated the trial court's restitution determination for insufficient evidence. *People v. Sullivan*, No. 3-20-0086 (2021) (unpublished summary order under Illinois Supreme Court Rule 23(c)). In March 2022, the trial court held a new restitution hearing. The court reduced the restitution amount to $2000. Defendant appealed, but this court affirmed. *People v. Sullivan*, 2023 IL App (4th) 220263-U, ¶ 30.

¶ 5         Prior to this, in October 2021, two weeks before defendant's probation was to end, defendant filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)), in which he alleged receiving "[i]nsufficient counsel" at trial. In December 2021, the trial court advanced this petition to the second stage of proceedings. The court appointed Aaron Dyer as postconviction counsel, and Dyer filed an amended petition. The amended petition alleged Schultz provided ineffective assistance by failing to withdraw as counsel for defendant's wife in her separate criminal case. Dyer characterized this as a *per se* conflict of interest inhibiting Schultz's representation of defendant. In particular, Dyer asserted, given this conflict:

"[Schultz] could not call [defendant's wife] as a witness to the stand without violating her separate fifth amendment rights. She could not testify as to the veracity or lack-there-of [*sic*], of the statements made by Ms. McGee. She could not testify to anything to protect herself from the charges in her own case. This is inherently a conflict because [Schultz] was not using his full talents as a vigorous advocate having the single aim of acquittal by all means for [defendant]. He had to split his attention between two defendants with similar interests. His efforts were restrained by commitments to [defendant's wife]."

¶ 6 That same day, Dyer filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). The certificate stated as follows:

"1. That Aaron M. Dyer is the court-appointed attorney for the Defendant-Petitioner, [defendant].

2. That Aaron Dyer has consulted with [defendant] in person to ascertain his contentions of deprivation of constitutional rights.

3. That Aaron M. Dyer has examined the trial court file and Report of Proceedings.

4. That Aaron M. Dyer has made any amendments to Defendant-Petitioner's Post-Conviction Petition necessary for adequate presentation of [his] contentions."

¶ 7 The State filed a motion to dismiss defendant's amended postconviction petition. First, the State asserted defendant lacked standing to obtain postconviction relief after being successfully discharged from probation. Second, the State asserted defendant waived his claim of

- 3 -

ineffective assistance of counsel by not raising it on direct appeal. Finally, the State contended a *per se* conflict of interest does not arise merely because an attorney represents two defendants in related cases and defendant did not establish Schultz labored under an actual conflict of interest. Defendant did not file a response.

¶ 8 In February 2023, the trial court granted the State's motion to dismiss. While the court rejected the State's first argument as to defendant's lack of standing to obtain postconviction relief, it accepted the latter two.

¶ 9 This appeal followed.

¶ 10 II. ANALYSIS

¶ 11 On appeal, defendant argues Dyer failed to satisfy his obligations under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) in the following respects: first, Dyer failed to attach any affidavits to the amended petition in support of the claim Schultz labored under a conflict of interest; and second, Dyer incorrectly asserted a *per se* conflict of interest rather than an actual conflict of interest and thereby failed to present this claim in an appropriate legal form. The State argues defendant's contention of ineffective assistance of counsel is waived as it was not raised on direct appeal.

¶ 12 The Act provides a three-stage process by which a defendant may collaterally challenge a conviction or sentence for a violation of a federal or state constitutional right. *People v. Jones*, 211 Ill. 2d 140, 143-44, 809 N.E.2d 1233, 1236 (2004). At the first stage, the trial court must determine, taking the allegations as true, whether the defendant's petition is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2022). At the second stage, "the State may move to dismiss a petition or an amended petition pending before the court." *People v. Pendleton*, 223 Ill. 2d 458, 472, 861 N.E.2d 999, 1008 (2006). The defendant bears the burden of

making a substantial showing of a constitutional violation. *Pendleton*, 223 Ill. 2d at 473. At the second stage of proceedings, all well-pleaded facts not positively rebutted by the trial record are to be taken as true. *Pendleton*, 223 Ill. 2d at 473. A third stage evidentiary hearing is only required "where the allegations of the post-conviction petition make a substantial showing that the defendant's constitutional rights have been violated." *People v. Johnson*, 154 Ill. 2d 227, 239, 609 N.E.2d 304, 310 (1993).

¶ 13 A defendant is not constitutionally entitled to the effective assistance of counsel at a postconviction proceeding. *People v. McNeal*, 194 Ill. 2d 135, 142, 742 N.E.2d 269, 273 (2000).

> "Because the source of the right to counsel in a post-conviction matter is statutory rather than constitutional, the degree of skill and care that a lawyer must exercise in representing a post-conviction petitioner is not controlled by the sixth amendment standard announced by the Supreme Court in *Strickland v. Washington*[, 466 U.S. 668 (1984)]." *McNeal*, 194 Ill. 2d at 142; see U.S. Const., amend. VI.

"[A] defendant in postconviction proceedings is entitled to only a 'reasonable' level of assistance, which is less than that afforded by the federal or state constitutions." *Pendleton*, 223 Ill. 2d at 472. Our supreme court has specified counsel is required to perform only those duties outlined by Rule 651(c). *People v. Greer*, 212 Ill. 2d 192, 204-05, 817 N.E.2d 511, 519 (2004). These include the duty to (1) confer with the defendant to ascertain his claims of constitutional deprivations, (2) examine the record of the proceedings at trial, and (3) make any amendment to the *pro se* petition necessary to ensure the defendant's contentions are adequately presented. *Pendleton*, 223 Ill. 2d at 472. Counsel is not required to advance frivolous or spurious claims on

a defendant's behalf. *Pendleton*, 223 Ill. 2d at 472 (citing *Greer*, 212 Ill. 2d at 205). Postconviction counsel is also "not required to amend a defendant's *pro se* postconviction petition." *People v. Kirk*, 2012 IL App (1st) 101606, ¶ 21, 978 N.E.2d 248. "In fact, counsel's decision not to amend a defendant's *pro se* petition has been held not to constitute a deprivation of adequate representation where his claim lacks a sufficient factual basis." *Kirk*, 2012 IL App (1st) 101606, ¶ 21. "Our review of an attorney's compliance with a supreme court rule, as well as the dismissal of a postconviction petition on motion of the State, is *de novo*." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 17, 974 N.E.2d 813.

¶ 14 The filing of a Rule 651(c) certificate gives rise to a rebuttable presumption postconviction counsel provided reasonable assistance. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23, 955 N.E.2d 1200. Counsel's failure to supply necessary affidavits or other evidence will not rebut the presumption that arises from the Rule 651(c) certificate. Instead, a court ruling on a motion to dismiss a postconviction petition that is not supported by affidavits or other documents may reasonably presume postconviction counsel made a concerted effort to obtain affidavits in support of the claims but was unable to do so. *Johnson*, 154 Ill. 2d at 241. The defendant bears the burden of overcoming the presumption of reasonable assistance by demonstrating postconviction counsel's failure to substantially comply with Rule 651(c). *Jones*, 2011 IL App (1st) 092529, ¶ 23. Here, the claim involves matters occurring before or since trial that would be clearly within the knowledge of defendant and his wife. Thus, we can reasonably expect defendant, at some point in a case which has made its way to and from the appellate court twice, would have previously raised the issue, been in a position to provide affidavits to counsel, or provided an explanation for such affidavits not being available.

¶ 15        Here, Dyer's Rule 651(c) certificate was facially satisfactory. He says he consulted with defendant to ascertain his contentions of the deprivation of constitutional rights, examined the record of the proceedings, and made any amendments to defendant's *pro se* petition that were necessary for an adequate presentation of his contentions. Therefore, there is a rebuttable presumption Dyer provided reasonable assistance. Ordinarily, we would next consider whether defendant rebutted this presumption. That would require us to assess whether there was an actual conflict of interest. If there was, and Dyer did not amend the petition to raise it, defendant could rebut the presumption Dyer provided reasonable assistance. However, as our supreme court has explained:

> "In an initial post-conviction proceeding, the common law doctrines of *res judicata* and waiver operate to bar the raising of claims that were or could have been adjudicated on direct appeal. *** Exceptions to this common law principle of judicial administration are made in three situations: where fundamental fairness so requires; where the alleged waiver stems from the incompetence of appellate counsel; or where facts relating to the claim do not appear on the face of the original appellate record." (Internal quotation marks omitted.) *People v. Pitsonbarger*, 205 Ill. 2d 444, 458, 793 N.E.2d 609, 620 (2002).

¶ 16        On direct appeal, defendant did not raise a claim of ineffective assistance of counsel stemming from a conflict of interest. "[T]he failure to raise a claim of ineffectiveness of trial counsel in the direct appeal renders the issue waived in post-conviction proceedings." *People v. Wilson*, 307 Ill. App. 3d 140, 145, 717 N.E.2d 835, 840 (1999). Defendant argues his failure to raise the claim on direct appeal should be excused because it required information

outside the record. We disagree. Defendant elected to proceed to trial by retaining counsel to represent both himself and his wife. Thus, any facts defendant might claim to show ineffective assistance would have been known to him during the trial proceedings and could have been raised on direct appeal. As defendant could have raised his ineffective assistance of trial counsel claim on direct appeal but did not, the claim is waived for purposes of his postconviction petition.

¶ 17                                    III. CONCLUSION

¶ 18          For the reasons stated, we affirm the trial court's judgment.

¶ 19          Affirmed.